GEORGE FREEMAN, plaintiff in error, *vs.* PAULINE BINSWANGER, defendant in error.

1. Where an execution commanded the proper officer to levy upon " the goods and chattels, lands and tenements of E., maker, and N., administrator of G., deceased, indorser," the estate of the deceased was not subject to levy thereunder.
2. In the absence of proof to the contrary, the presumption is that the execution followed the judgment on which it was founded, and it was therefore properly rejected when offered in evidence to bind the estate of deceased.

Administrators and executors.    Executions.    Judgments. Presumptions.    Before Judge HILL.    Bibb Superior Court. October Adjourned Term, 1875.

Reported in the decision.

HALL, LOFTON & BARTLETT, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which, as appears from the bill of exceptions, the plaintiff offered in evidence a *fi. fa.* issued from the justice's court in favor of Freeman, assignee, *vs.* Ezzell, maker, and Newton, administrator of Goolsby, deceased, for $75 00, principal, besides interest and cost, which commanded the proper officer that of the goods and chattels, lands and tenements of Ezzell, maker, and Newton, administrator of Goolsby, deceased, indorser, he cause to be made the principal, interest and cost thereof, etc. The above *fi. fa.* was levied on certain described land and improvements, as the property of Goolsby, deceased, and claimed by the claimant. When the plaintiff offered in evidence the *fi. fa.,* the counsel for the claimant objected on the ground that the *fi. fa.* was against Newton individually, and not in his representative character, and did not bind, and could not be levied on, the property of Goolsby, deceased. The court sustained the objection, and the plaintiff excepted.

When cases are tried before a justice of the peace, he is required to render judgment therein according to the law and facts of each case: Code, section 4156. The law requires that in a suit against an executor or administrator, in his representative character, that the judgment *must* be *de bonis testatoris*, except when he pleads *ne unques executor*, etc.: Code, section 3573. The legal presumption is that the execution offered in evidence in this case followed the judgment, and if so, the judgment was not rendered *de bonis testatoris*, and did not bind the land of Goolsby, the deceased intestate, so as to authorize a levy and sale thereof, under the *fi. fa.* mentioned in the record, as his property. There was no error in sustaining the claimant's objection to the admissibility of the plaintiff's *fi. fa.* in evidence, for the purpose of subjecting the land levied on as the property of Goolsby, deceased.

Let the judgment of the court below be affirmed.