NATHANIEL F. WALKER *et al.*, plaintiffs in error, *vs.* JAMES H. BIVINS *et al.*, defendants in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

1. The fact that two days had been consumed in the trial of a motion to vacate a judgment made by one of two defendants thereto, and that the mo-

Walker *et al. vs.* Bivins *et al.*

tion was voluntarily dismissed by said defendant after such consumption of time, is not legal cause for the dismissal by the court of another motion to vacate, made by both defendants, especially if additional grounds for the new motion be set out therein.

2. On an appeal from a judgment at common law, rendered in 1860, the court has no power to enter up judgment against the defendant and his security on the appeal, in 1874, without the intervention of a jury, though no defense be filed on oath, and such judgment is null and void.

Practice in the Superior Court.   Appeal.   Constitutional law.   Judgments.   Before Judge WRIGHT.   Upson Superior Court.   November Adjourned Term, 1875.

Reported in the opinion.

W. S. WALLACE; S. HALL; RUTHERFORD & RUTHERFORD, for plaintiffs in error.

HAWKINS & HAWKINS; SPEER & STEWART: PEEPLES & HOWELL, for defendants.

JACKSON, Judge.

A judgment was obtained by Bivins against N. F. Walker in 1860.   J. P. Walker was security on the appeal, at least he was alleged to have been such surety, and in 1874, the judge of the superior court, without the intervention of a jury, rendered judgment against both, the defendant in the first judgment and the surety on the appeal bond.   One of the Walkers moved to vacate the judgment on various grounds, and it was agreed that the judge should hear and determine the case. After two days consumed in the trial thereof, the motion was dismissed by the movant.   Afterwards, at the same term, another motion was made by both of the Walkers to vacate, with some additional grounds, but mainly on the same grounds.   Among the grounds, in both motions, was the denial of the right of the judge to enter up judgment against the principal and his surety on appeal, on an appeal from the petit to a special jury, entered before the constitution of 1868, without the finding of the condemnation money by a

jury. The court below dismissed the latter motion to vacate, and this judgment of the court below raises two questions for our adjudication: first, was the court right in dismissing the motion of the *two* defendants because *one* had voluntarily withdrawn a similar motion after much consumption of time; and, secondly, was the court right to dismiss the motion in view of the fact that the judgment in an appeal case, entered before 1868, was rendered without a jury?

1. On the first point, we think that the court clearly erred. Another party was interested in the second motion. It was a new case, and however badly one of the defendants to the judgment may have acted, it should not have prejudiced the other. Besides, there were new grounds in the second motion, which made it, for this reason, also a new case. Even if it had been renewed by the first movant alone, why could he not have dismissed and renewed a motion to vacate? We are not aware of any law to prevent his doing so. The court could punish for contempt, if he had been guilty of any contempt; but the court could not thus have deprived him of a right to be heard on his case a second time.

2. But the great and controlling question in this litigation is the second one made here: can the court, without the verdict of a jury, enter a judgment on an appeal taken before the constitution of 1868, not only against the defendant to the first judgment, but against his security on the appeal? That constitution declares that "there shall be no appeal from one jury in the superior court to another; but the court may grant new trials on legal grounds. The court shall render judgment, without the verdict of a jury, in all civil cases founded on contract, where an issuable defense is not filed on oath." No issuable defense was filed on oath in this case; it is, therefore, argued that the court must render judgment without a jury. But we think that this clause of the constitution, Code, section 5091, is prospective in its operation. "There shall be no appeal," is its language. It is in the future tense, and its grammatical construction and meaning would not be made plainer had it been added there shall *hereafter* be no appeal,

etc. In the next paragraph it is added, in the same clause, "but the court may grant new trials on legal grounds," evidently meaning to substitute this new trial authority for the appeal of former times. But this latter provision is clearly prospective. It could not mean that the court should go over the case on which a judgment had been rendered years ago, and grant a new trial thereon. Both clauses related to the future. So with the last paragraph, the right and duty of the court to enter judgment without a jury. We think it prospective only; certainly prospective where any right had been acquired under the old law, and particularly in cases where a surety on an appeal bond was concerned. But it may be said how shall the appeal case be tried? We answer, just as it was before the constitution of 1868 was passed. That constitution declares that " the right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate:" Code, section 5124. It is not elsewhere in the constitution provided how a pending appeal shall be tried, and therefore the old right remains " *inviolate*," to-wit: the right of trial by a special jury. Direction is given to the superior courts, by statute, to try by special jury taken from the grand jury : Code, sections 3925 3926, 3927, and the oath is prescribed. It is true that there is now no separate box from which grand jurors are drawn ; but still those drawn to serve as such are grand jurors, and special juries are selected from them as in the olden time. The only alteration is that petit jurors are elevated, not that grand jurors are depressed, by the new constitution of 1868. Upright and intelligent persons alone can serve as jurors: Code, sec. 5125. The oath of special jurors alone is altered, and that does not affect the great right of jury trial. Indeed, if the trial should be had in such an appeal case before the traverse jury, it would be the spirit of the old special jury trial; for upright and intelligent men would try, and the right to select by striking would remain. The great point to be preserved is the right to have a jury pass upon the damages as well as upon the case. When this party appealed, and this other party signed his appeal bond,

they both contracted to have a special jury pass upon their rights. They never bargained for a judge alone, without a jury, to do so. The right became to all intents and purposes vested; the right to have the eventual condemnation money fixed by their peers. How would it look for the judge who entered this judgment, without a trial by jury, to have assessed damages for a frivolous appeal? Who will say that this power was conferred upon him by the constitution of 1868? On the contrary, that constitution provides for trial by jury still, in cases which arose after its enactment, on appeals from inferior courts. It abolishes trial by jury in the justices' courts, but provides for jury trial in the superior courts on appeal from the justices' courts: Code, sections 5104, 5105. Such a thing as an appeal trial without a jury, on facts, is still unknown to our jurisprudence, unless by consent to submit facts as well as law to the court. We hold, therefore, that the judge who granted this jndgment in 1874 had no legal or constitutional authority to do so, and that it is wholly null and void; and we therefore reverse the court below in dismissing the motion to vacate this illegal judgment.

Judgment reversed.