### JONES *vs.* PARKER.

[This case was argued at the last term and decision reserved.]

1. For the property of a deceased person to be sold under an execution against the administrator, the execution must be such as can be levied upon the goods and chattels, lands and tenements of the deceased. An execution which directs the seizure of the property of the administrator is not such a process.

2. The execution is amendable so as to conform to the judgment, and the judgment is amendable so as to conform to the suit and the real nature of the recovery; but this does not warrant the enforcement of a levy which must necessarily fall whenever the requisite amendment is made.

3. According to the facts of this case as pleaded and proved, it does not appear but what the creditor has ample remedy against the administrator at law, without pursuing assets which seem to have been administered to the satisfaction of the administrator and the heir. The breach of contract with the administrator on the part of the heir, was matter for adjustment between themselves, and has been adjusted by bill and decree to which they alone were parties. Unless the administrator is insolvent, or his effects are beyond the jurisdiction, the creditor has no occasion to appeal to a court of equity, or to the equitable powers of a court of law.

Administrators and executors. Levy and sale. Executions. Amendment. Equity. Before Judge BARTLETT. Wilkinson Superior Court. April Term, 1877.

So far as material to the question passed upon by this court, the facts of this case are the same as when it was here before (see 55 *Ga.*, 11), with the following modifications:

Prior to the new trial, the plaintiff filed an equitable proceeding, charging that his claim was a debt of Rebecca Jones, deceased; that his judgments were against her estate, Jackson being her administrator; that the land in controversy was her property at her death; that claimant was her sole heir, and, as such, received the entire estate, including such land, and holds by no other title; that this land is now the only remaining assets, and his the only debt; that claimant obtained possession by fraudulent promises to pay this debt; that, at the October term, 1867, the administrator, Jackson, for his own protection, procured a decree against claimant for the sale of this land, adjudging that it was a part of Rebecca Jones' estate at her death, and subject to plaintiff's claim.

Prayer for decree subjecting land, and that it be sold under the plaintiff's levy.

To this proceeding claimant demurred. The demurrer was overruled, and he excepted.

To the execution when offered in evidence, claimant objected upon the ground that it had no lien on the land, and could borrow none from the decree of the administrator against claimant; and because there was no entry of "no property" as against either the intestate or the administrator, whilst the judgment upon which it was founded showed conclusively that there were assets in the hands of the administrator sufficient to discharge the debt.

The objections were overruled, and claimant excepted.

Upon the close of the plaintiff's testimony, the claimant moved to dismiss the levy upon substantially the same grounds as were urged in objection to the above testimony. The motion was overruled, and claimant excepted.

The jury found the land subject. The claimant moved for a new trial, amongst other grounds, upon each of the exceptions above stated, and because the court erred in the following charge, and in refusing to instruct the jury to the contrary:

"That they were to inquire whether Jackson, the administrator of Rebecca Jones, retained in his hands sufficient assets to pay off this debt, or was land turned over to said heir at law under a promise by said heir to pay off this debt; and if the jury should find that the administrator did not retain sufficient property to pay off the debts of his intestate, but that the property turned over to the heir at law by the administrator was all the assets of his intestate unadministered, leaving nothing to pay the debts, or that the heir at law received the property under promise to pay off and discharge the debts, then plaintiff in *fi. fa.* has, in equity, the right to follow this property into hands of the heir at law and subject the same to the payment of his debt, and the jury should, by their verdict rendered in this case, so find and decree."

The motion was overruled, and claimant excepted.

Wm. McKinley, for plaintiff in error.

J. C. BOWER, for defendant.

BLECKLEY, Judge.

This is a second appearance of the same substance, with some change of form. The case came up before as a legal case, in plain, legal clothing, 55 *Ga.*, 11. It comes now in a mixed costume, partly legal and partly equitable. But neither in the pleadings nor the evidence is there a good equitable case; and it takes that, in both, to succeed, the legal case having been pronounced insufficient. It is impossible for a plaintiff to prevail unless he can bring together all the elements requisite to a good case at law, or a good case in equity. One or the other. He may use, in either case, in either court, the same materials, but when he combines them, he must be able to say, here are enough, and of the right sort, to constitute a complete case. There are numerous points in the record, but only those which are fundamental need to be examined, for they are decisive of this litigation.

1. The judgments have no lien upon the land; and they cannot be enforced against it by levy and sale, without further proceedings. This was ruled on the former writ of error. The further proceedings most appropriate, would be to have the judgments amended, so as to operate on the effects of the intestate; have the executions amended to conform; search made for property unadministered; if none be found, a return made of *nulla bona ;* then, if the administrator were insolvent or beyond the jurisdiction, either file a bill alleging all these facts, or levy the executions upon the land, and depend upon condemning it by proving fraud, or by pleading and proving, in aid of the levy, all the facts which would be requisite to maintain a bill in equity. Certainly, the property of a deceased person cannot be sold under an execution which directs the seizure of the administrator's property. The judgment and execution must be *de bonis testatoris,* not *de bonis propriis.* 57 *Ga.*, 159; *Lemon vs. Thaxton,* 59 *Ib.*, 706.

2. That the judgments are not void but amendable, has been many times decided, the last time in *Redd, trustee, vs. Davis,* 59 *Ga.,* 823.   If the executions were correct, it is possible that amending the judgments would go in support of the levies, and not work their defeat. *Ib.,* 351.   But as the executions are wrong, and would, themselves, have to undergo amendment, the fall of the levies would ensue by the express terms of the statute.   Code, §3495.

3. But the obstacle to the plaintiff, which seems utterly insurmountable, is, that according to the actual facts of the case, as pleaded and proved, he is not without ample remedy against the administrator at law, and has no need to pursue assets of the estate which have been administered.   On the question of assets, the administrator is concluded by the judgments, though the judgments have to be amended in order to reach them.   57 *Ga.,* 136.   The administrator is not insolvent, so that whether, in fact, he has or has not assets belonging to the estate, makes no difference.   Under the facts in evidence, he must produce enough to pay these judgments, or else pay them out of his own means.   His means are ample, and not beyond the creditor's reach.   And the administrator has taken measures to protect himself. He has procured a decree, on a bill which he brought years ago, to sell this very land in order to apply the proceeds to these judgments.   He has thus attended to his own business in his own way, and there seems to be no reason why he or his representatives should not settle these judgments, or why the plaintiff should look elsewhere for their payment. If the decree which the administrator took for his protection, against the heir, has become dormant, that is the result of his own forbearance, and is no concern of this plaintiff. Why should the latter resort to a court of equity, or invoke the equitable powers of a court of law ?   He needs no such assistance.   Let him proceed in the regular path, and he will have his reward.   Between this case and *Redd, trustee, vs Davis, supra,* there is a wide difference.   In that case, the creditor had no available remedy other than to pursue the

administered assets.   Here, on the contrary, the remedy against the administrator is adequate and complete.   It was ruled when this case was here before, that to follow assets in a court of law, the creditor must allege and prove the same substantial facts as would be required to entitle him to relief in equity ; and it was said in the body of the opinion, that he could not subject the land by levy without pleading the facts in aid of the levy.   What facts ?   The same substantial facts as would be required to entitle him to relief in equity.   But what relief in equity does this creditor need, on the facts which he has now alleged and proved ? None, whatever.   If he needs none, equity would grant him none, for it is a rule of that court to assist those, and those only, who need assistance.   For two reasons, the plaintiff has not a good case at law against this land ; the first is, that the land was administered (so far as a delivery to the heir in kind, or final settlement, can amount to administration,) before the judgments were rendered; the second is, that the judgments and executions (the presumption being that the executions follow the judgments) are not *de bonis testatoris.* And for one absolutely controlling reason, the plaintiff has not a good case in equity against the land, and that is, he has a safe, speedy and certain remedy against the administrator, at law ; a remedy which, being rightly prosecuted, will leave nothing for equity to do.

In the opinion of this court, the superior court erred a second time in refusing a new trial to the claimant, the plaintiff in error.

Judgment reversed.