RAMSEY, ordinary, for use, *v.* COLE *et al.*

| 84 | 147 |
|103 | 743 |
| 84 | 147 |
|d107| 804 |
|108 | 209 |

| 84 | 147 |
|a112| 297 |

| 84 | 147 |
|e122| 626 |

| 84 | 147 |
|125 | 842 |

1. In an action upon administrators' bond, the original justice court summons of a suit against them was not admissible to show the rendition of a judgment against them as such. The judgment should have appeared on the justice's docket.
2. Refusal to allow the magistrate who rendered the judgment, and who was present in court, to amend an insufficient entry of the judgment on his docket by transcribing thereupon the entry appearing on the original summons, was not error. Irregular judgments must be amended in the court rendering them, at its term-time.
3. The only judgment in evidence being against the administrators individually, and the execution following the same, the nonsuit was proper.

December 13, 1889.

Administrators. Evidence. Judgments. Practice. Nonsuit. Before Judge MILNER. Murray superior court. February term, 1889.

Reported in the decision.

TRAMMELL STARR, W. K. MOORE and M. B. HARRIS, for plaintiffs.

R. J. McCAMY, W. C. MARTIN and T. R. JONES, for defendants.

SIMMONS, Justice.

This was an action against J. L. Cole and J. C. Henry and their sureties upon their administration bond. The plaintiff put in evidence this bond, and the docket of a justice's court with entries thereon of a suit by them against the administrators on an account, and of judgment rendered by the court in favor of the plaintiff against the defendants, giving the amounts of principal, interest and costs ; also the execution issued upon this judgment, commanding that the amount of the judgment be made "of the goods and chattels, lands and tenements of J. C. Henry and J. L. Cole, administrators of J. P. Cole, deceased" ; also an entry by the constable of "no property to be found on which to

levy this *fi. fa.*" Then the plaintiffs offered in evidence the original justice's court summons, with entry of personal service by the constable, also an entry of judgment as follows : "Judgment is rendered by the court in favor of the plaintiffs against J. C. Henry and John L. Cole, as administrators of J. P. Cole, deceased, for the sum of (stating the amount), to be levied of the property of J. P. Cole, deceased, if any to be found." To the introduction of this summons and the entries thereon the defendants objected, on the ground that the judgment entered thereon was of no effect, and that the judgment against the administrator should be *de bonis testatoris*, and should so appear on the docket and not on the summons. The objection was sustained. The plaintiff moved to have the justice who rendered the judgment, and who was then in court, enter on the docket *nunc pro tunc* the judgment as it appeared on the summons. This was refused. On motion of the defendants the court granted a nonsuit. The plaintiffs excepted : (1) because the judge ruled out the summons and the entries thereon ; (2) because the judge refused to allow the magistrate to enter upon his docket the judgment *nunc pro tunc ;* and (3) because the court granted a nonsuit.

1. There was no error in ruling out the original summons with the judgment thereon. The code, §457, requires the magistrate to keep a docket and enter his judgments thereon, and not upon the original summons issued by him. The docket, therefore, is the place whereon the judgment of the magistrate must appear, and not the original summons. Section 4143 requires the officer serving the summons to return the original, with an entry of service thereon, to the justice of the peace, and that the justice of the peace shall file and preserve said original with the other papers pertaining to his office. According to these sections, the summons

was not the place where the judgment should have been written, and therefore there was no error in ruling out the same.

2. Nor was there error in refusing to allow the magistrate, who was in court, to amend the original judgment by transcribing this entry on the summons and entering it upon his docket. Irregular judgments can be amended by application to the proper court in termtime, but we know of no law authorizing a magistrate during the progress of the case in the superior court to come into the court and amend the judgment entered up by him in the justice's court. If parties wish to amend an irregular judgment, they must apply to the court that rendered it, and at its term-time. They cannot summon the judge of the inferior court to the superior court to have him perform a judicial act in the superior court, by amending an irregular judgment rendered by his court.

3. The only judgment put in evidence was one against the administrators individually. The execution which issued upon that judgment was also against them individually. The court therefore committed no error in granting the nonsuit complained of. *Freeman* v. *Binswanger*, 57 *Ga.* 159; *Lemon* v *Thaxton*, 59 *Ga.* 706; *Jones* v. *Parker*, 60 *Ga.* 500.          *Judgment affirmed.*