FORRESTER *et al. v.* TIFT.

A *devastavit* could not be established by the sheriff's return of no property to be found, upon an execution against the administrator individually, issued upon a judgment against him as administrator.
March 10, 1890.

Debt. Bonds. Administrators. Executions. Judgments. *Devastavit.* Evidence. Before Judge BOWER. Dougherty superior court. April adjourned term, 1889.

The judgment was, that the plaintiff recover of the goods, etc., "which were of the estate of George W. Collier in the hands of Robert Forrester, administrator of said estate." The execution commanded the amount

awarded by the judgment to be made of the goods, etc. "of Joel R. Forrester, administrator of estate of George W. Collier."

D. H. POPE, for plaintiffs in error, cited 57 *Ga.* 160; Code, §3636.

R. F. LYON and W. T. JONES, *contra.*

BLANDFORD, Justice.

This was an action of debt upon the bond of Forrester as administrator *de bonis non cum testamento annexo* of Collier. Upon the trial, the record of a former suit between the plaintiff and Forrester was introduced in evidence, from which it appeared that the plaintiff had obtained a judgment against Forrester as such administrator, upon which judgment execution issued commanding the sheriff to cause to be made of the goods and chattels, lands and tenements of Forrester a certain sum of money; and upon this execution there was a return of no property to be found. The court below held that the plaintiff was entitled to recover upon the bond of the defendant, and a judgment was accordingly awarded him.

We think this judgment was wrong. The execution sued out in the former case did not follow the judgment, and the return on that execution of no property to be found was not evidence of a *devastavit* on the part of Forrester. The execution should have followed the judgment, and should have commanded the levy to be made of the goods and chattels, lands and tenements of Collier in the hands of Forrester, the administrator; and in that case a return of no property to be found would have been evidence of a *devastavit*. A return of no property to be found, upon an execution against Forrester individually, is no evidence of a *devastavit* as to Forrester administrator. Although he may have had in his hands goods of the deceased to be adminis-

tered, yet the sheriff, under this execution, would have had no right to seize them; and the sheriff having no right to seize such goods, his return could not establish a *devastavit*.                    . *Judgment reversed.*