FLANDERS, ordinary, for use, etc., *v.* SUTTON *et al.*

LUMPKIN, J. The ordinary of Emanuel county, for the use of two named persons, "heirs of the estate of W. M. Sutton, deceased," brought suit against the principal and sureties on the bond of the administrator of Sutton's estate. It was alleged, that the two persons named as heirs had brought suit against the administrator in the court of ordinary for a settlement, and had recovered a judgment against him as administrator and personally for a stated sum; that execution had issued, and the sheriff had returned an entry of nulla bona both as to the property of the estate and as to the property of the administrator individually; and that the defendants were due to the two persons named the stated sum as principal, and interest, which the defendants refused to pay, and for which judgment was prayed. *Held*, that it was error to dismiss the action, on oral motion, "for the want of proper parties plaintiff."

(*a*) The provision of the Civil Code (1910), § 4082, that when an administrator shall fail to settle an account with any distributee of the estate he represents, such distributee may institute suit on the bond of the administrator in the first instance, without a suit against the administrator in his representative capacity, confers a privilege upon such distributee, but does not prevent the bringing of a suit upon the bond in the name of the ordinary for the use of such distributee. *Mathis* v. *Fordham,* 114 *Ga.* 364 (40 S. E. 324).

(*b*) The bill of exceptions alleged, by way of recital, that the usees were

the illegitimate children of the widow of the intestate, and that she survived him, but died prior to the citation of his administrator for a settlement. It also alleged that the defendants moved to dismiss the present action "for want of proper parties plaintiff, contending that the administrator of the deceased mother only had the right to sue." There is nothing on the face of the petition to show that the usees were illegitimate children of the widow of the intestate, or that she was dead, or that she had any administrator. It was not stated that any evidence was introduced, but the motion to dismiss was apparently made in the nature of a general demurrer to the petition. Accordingly, the statements above set out can not be considered in connection with the motion to dismiss.

(c) The petition alleged that the usees were heirs of the intestate, and that they had cited the administrator to a settlement in the court of ordinary, and had obtained judgment fixing the amount due them. If they had been adjudged distributees of the estate, and the amount due to them had been settled, such a judgment could not be thus collaterally attacked.　　　　　*Judgment reversed. All the Justices concur.*

JULY 21, 1915.

Action upon bond. Before Judge Rawlings. Emanuel superior court. January 15, 1914.

*T. N. Brown* and *Walter F. Grey*, for plaintiff.

*Saffold & Jordan* and *Williams & Bradley*, for defendants.