### SUTTON *et al. v.* FLANDERS, ordinary, for use, etc.

1. On the trial of a suit brought by an ordinary, for the use of the heirs at law of a decedent, against an administrator and the sureties on his bond, such suit being based upon a judgment rendered by the ordinary, on a citation for settlement, in favor of the heirs against the administrator, which judgment the administrator refused to pay, the sheriff having returned nulla bona as to him, it was not error to strike the paragraph of the defendants' answer to the effect that the usees of the plaintiff were not the heirs at law of the decedent, and that the sureties were not bound by the judgment of the ordinary against the administrator.

(a) The judgment of the ordinary adjudicated that the usees were the heirs of the decedent, and that they were entitled to recover the amount of the judgment from the administrator.

(b) In a suit based on such judgment the plaintiff may, if the evidence

authorize it, recover the amount thereof against the administrator and the sureties.

(c) Such judgment ·can not be collaterally attacked by the sureties, or by the administrator, in an answer to the suit.

2. There being no evidence upon which to base it, the court erred in directing a verdict for the plaintiff.

DECEMBER 14, 1916.

Action upon bond. Before Judge Hardeman. Emanuel· superior court. October ·15, 1915.

*Saffold & Jordan* and *Williams & Bradley,* for plaintiffs in error.

*Walter F. Grey* and *T. N. Brown,* contra.

HILL, J. This is the second appearance of this case in the Supreme Court. See *Flanders* v. *Sutton,* 143 *Ga.* 764 (85 S. E. 914).

John R. Flanders, ordinary, suing for the use of Ila Sutton and Willie Sutton as heirs at law of the estate of W. M. Sutton, deceased, brought suit against J. J. Sutton as administrator upon the estate of W. M. Sutton, and alleged substantially as follows: J. J. Sutton qualified as permanent administrator of the estate of W. M. Sutton on March 5, 1894, and on the same date executed an administrator's bond as principal, with W. M. Durden and D. B. Durden as sureties, payable to the ordinary or his successors in office, in the sum of three thousand dollars, conditioned to pay such persons as might be entitled to receive them such sums out of the estate of W. M. Sutton, deceased, as they might be entitled to. Ila Sutton and Willie Sutton, heirs of W. M. Sutton, brought suit in the court of ordinary against J. J. Sutton as administrator, for settlement, and on July 7, 1913, in that court recovered judgment against J. J. Sutton personally for the sum of $382.44, and execution on the judgment issued on August 26, 1913. On the same date the sheriff of the county made an entry of nulla bona as to property of the estate and also as to property of J. J. Sutton. The defendants are now due Ila Sutton and Willie Sutton the sum of $382.44, besides legal interest from July 7, 1913, and refuse to pay; wherefore the plaintiff prays judgment for that amount. The defendants denied each paragraph of the petition, and held the plaintiff to strict proof. The sureties specially averred that, if liable at all, they were not liable to the plaintiff's usees, who were not heirs of W. M. Sutton and were not entitled to any portion of his estate, but were illegitimate children of the widow of W. M. Sutton, born after his death; and that while J. J. Sutton may be estopped from defend-

ing against the judgment, the obligation of the sureties being stricti ` juris, they are not liable upon such a judgment, especially when they were not parties to the suit in which it was obtained, etc. On motion the court ordered stricken the paragraph of the answer attacking the judgment. The plaintiff amended by striking from the petition the name of D. B. Durden, whose death had been suggested of record. The court directed a verdict for the plaintiff. W. M. Durden and J. J. Sutton excepted.

1. Counsel for plaintiffs in error argued but two questions in this court. The first is upon the exception to the striking of that portion of the plea to the effect that the plaintiff's usees, Ila and Willie Sutton, were not legitimate children of the decedent, and that the sureties on the bond of the administrator were liable only to the heirs at law of the decedent, and were not bound by the judgment of the court of ordinary in favor of such usees, against the administrator, J. J. Sutton, especially as they were not parties to that suit. One of the conditions of the bond was that the administrator should deliver and pay to such persons such sums as they might be entitled to receive out of the estate of W. M. Sutton. In default of the administrator's complying with the terms of his bond, the sureties agreed to become bound and liable. According to the petition, the court of ordinary had adjudged in effect that Ila and Willie Sutton, the usees of plaintiff, were distributees of the estate of W. M. Sutton, and were entitled to recover $382.44, which being unpaid by the administrator, the ordinary brought the present suit to recover the amount of that judgment for the usees. We do not think that the judgment of a court of ordinary, finding as above indicated, can be collaterally attacked as is attempted in the answer stricken. The court did not err in striking that portion of the answer excepted to. Nor was it error to strike the name of one of the defendants, D. B. Durden, against whom the plaintiff was proceeding. *Rogers* v. *Chambers,* 112 *Ga.* 258 (3), 262 (37 S. E. 429).

The judgment of the court of ordinary adjudicated that the plaintiffs were heirs of W. M. Sutton, deceased, and that they were entitled to recover the amount named in that judgment. Furthermore, that judgment can not be collaterally attacked by the administrator and the sureties on his bond, by setting up facts which negative the idea that the plaintiffs are heirs of the decedent.

Moreover, if the administrator, who is the defendant in that judgment, fails or refuses to pay the judgment, the administrator and his sureties are liable in a suit on the bond based on the judgment against the administrator which he fails or is unable to pay. The court did not err in striking the paragraph of the defendants' answer excepted to.

2. The court erred in directing a verdict for the plaintiff. The allegations of each paragraph of the petition were denied by the defendants' answer (except the seventh, which alleged only refusal to pay), and strict proof of the allegations was insisted upon. The record contains no proof anywhere that there was a judgment of the court of ordinary against the administrator. It is true it was alleged in the petition that there was such judgment; but each paragraph of the petition was denied by the answer; and unless there was some evidence before the court that the ordinary had so adjudged, the court would not be authorized, merely upon the allegations of the petition, to direct a verdict for the plaintiff in a suit based upon such judgment. Indeed, if any evidence at all was offered on behalf of the plaintiff in the court below, the record does not disclose it, and the bill of exceptions does not specify it. There being no evidence upon which the court could base the direction of a verdict for the plaintiff, the judgment must be

*Reversed. All the Justices concur.*