### 15630.   BISHOP *et al.* *v.* PINSON.

1. It is true that where a creditor of an estate has recovered against the administrator a judgment de bonis testatoris and de bonis propriis, he can not for the same cause of action recover another judgment de bonis propriis against the administrator upon his bond, and that where a suit on such bond against an administrator and his sureties is commenced in the county of the residence of the administrator, and all the sureties reside in another county, the court has no jurisdiction of the sureties; and that where all of these facts appear upon the face of the petition, it will be subject to be dismissed on the motion of the sureties, if jurisdiction of the person has not been waived; but these principles are inapplicable to the case sub judice, wherein the petition showed no prior judgment de bonis propriis against the administrator, but only a judgment de bonis testatoris. The instant action was to recover for the first time a personal judgment against the administrator, and his sureties were suable upon the bond with him in the county of the administrator. The rule is applicable that joint obligors may be sued together in the county of the residence of either. The motion of the sureties to dismiss the petition for want of jurisdiction was properly overruled.

2. Where there is a plea in abatement upon the ground that the suit is a renewal of a dismissed action between the same parties upon the same cause of action, and that the costs were not paid, nor an affidavit in forma pauperis filed in lieu of costs, before its recommencement, it is

incumbent upon the defendant, in order to sustain the plea, to show not only the nonpayment of the costs which accrued upon the first action, but also that the new suit is substantially identical with the old suit, both as to parties and causes of action. Such burden is not carried merely by introducing in evidence a docket entry showing a suit between the same parties but nothing as to the cause of action.

3. An alleged creditor of an estate, suing upon the administrator's bond, makes out a conclusive case against the administrator, and a prima facie case against the sureties, by proof of the rendition of a judgment in his favor against the administrator, upon a liability of the deceased, with a return of nulla bona by the sheriff or other officer authorized to make the same upon the execution issued thereon. Such prima facie case having been made out against the sureties by the plaintiff in the present action, and having never been rebutted, a verdict was demanded in favor of the plaintiff, and the court did not err in so directing.

DECIDED DECEMBER 15, 1924.

Appeal; from Gordon superior court—Judge Tarver. April 5, 1924.

*W. E. & W. Gordon Mann,* for plaintiffs in error.

*J. M. Lang,* contra.

BELL, J. 1. This was an action by M. L. Pinson against R. L. Jones, principal, and Henry Bishop and Jim Bishop, as sureties, upon the bond of Jones as administrator of the estate of V. W. Bishop. It was commenced in a justice's court of Gordon county on November 7, 1923, but by consent was appealed to the superior court. Attached to the summons was a complaint in which the plaintiff alleged that he had procured "a judgment and execution against R. L. Jones as administrator," "which judgment and execution is against the property of the said V. W. Bishop, deceased, in the hands of the said R. L. Jones, as administrator," and that upon the fi. fa. an entry of nulla bona had been made by the sheriff of Gordon county. Annexed to the complaint was a copy of the fi. fa., in form as follows:

"State of Georgia, Gordon county.

"M. L. Pinson, plaintiff, vs. R. L. Jones, as adm'r of estate of V. W. Bishop, deceased, defendant.

"To any lawful constable of said county, greeting: You are hereby commanded to levy on a sufficiency of the property of the defendant above named and of the property of V. W. Bishop, deceased, in hands of R. L. Jones, as adm'r, to make the sum of $76.94 principal, $8.25 interest to date of judgment at seven per cent. per annum, and all future interest at the same rate, ————

dollars for attorney's fees, $3.95 costs of this suit, and 35 cents for this writ; which several sums were adjudged against the defendant above named upon an account at the justice court held in and for the 980th district G. M., on October 19th, 1923, in favor of plaintiff above named. And have you this writ at the November term, 1923, of said court, to be held on the third Friday in November, 1923, to render an account of your actings and doings thereon. Herein fail not. Given under my hand and seal, this Nov. 1, 1923.

"G. E. Whelchel, J. P., 980th district, G. M. (Seal.)"

The administrator Jones was a resident of Gordon county, and the sureties were residents of Murray county. These facts appeared upon the face of the petition.

The defendant sureties pleaded to the merits, with a reservation of the right to move to dismiss the suit, for want of jurisdiction. Upon the call of the case for trial they made an oral motion to dismiss, upon the ground that it appeared by the petition or summons that the plaintiff had already recovered against the administrator a judgment de bonis propriis and could not proceed for a second personal judgment against him upon the bond, and, inasmuch, therefore, as a cause of action was not set forth against the administrator, the court had no jurisdiction over the sureties who resided in another county. The motion was overruled, and this judgment is assigned as error.

The plaintiffs in error rely upon the decision of the Supreme Court in *Ross* v. *Battle,* 117 *Ga.* 877 (45 S. E. 252), in which it was held that where heirs at law of an estate have recovered against administrators judgments de bonis testatoris and de bonis propriis, they can not for the same cause of action recover another judgment de bonis propriis against the administrators upon their bond, and that where suit on such bond, against the administrators and the sureties, is commenced in the court of the county of the residence of one of the administrators, against whom no recovery can be had, and all the sureties reside in other counties, the court has no jurisdiction of the sureties, and the action should be dismissed on demurrer. If the counsel are right in their contention that the execution attached to the summons discloses that a prior judgment had been obtained against the administrator de bonis propriis, the court undoubtedly committed error in overruling the motion to dismiss. *Ruis* v. *Lothridge,* 149 *Ga.* 474 (2) (100 S. E. 365);

*Cox* v. *Potts,* 67 *Ga.* 521; *Robertson* v. *Tallulah Falls Railway Co.,* 29 *Ga. App.* 530 (4) (116 S. E. 65). We are unable, however, to agree that the execution is susceptible of such construction. It is entitled against "R. L. Jones, as adm'r of estate of V. W. Bishop, deceased, defendant." Hence, the "defendant above named," as referred to in the body of the execution, was Jones in his capacity as administrator. While the language which directed that the levy be made "on a sufficiency of the property of the defendant above named and of the property of V. W. Bishop, deceased, in hands of R. L. Jones as administrator" would appear tautological, it nevertheless appears from an examination of the fi. fa. as a whole that the sheriff is commanded to make a levy upon the property only of the administrator's intestate. See *Fry* v. *Shehee,* 55 *Ga.* 208 (11); *Wadley* v. *Oertel,* 140 *Ga.* 326 (1) (78 S. E. 912); *Jennings* v. *Wright,* 54 *Ga.* 537 (1). The presumption is that the judgment was to the same effect. *Jones* v. *McCleod,* 61 *Ga.* 602 (1).

It would seem that if the judgment had been both de bonis testatoris and de bonis propriis, the execution should have commanded the levy to be made, first, upon the property of the deceased, "if to be found, and if not to be found, then to be levied of the personal goods and chattels, lands and tenements of the defendant." Civil Code (1910), § 4088.

In view of the language of the execution, it does not come within the rulings of any of the following cases: *Forrester* v. *Tift,* 84 *Ga.* 595 (10 S. E. 1015); *Freeman* v. *Binswanger,* 57 *Ga.* 159 (1); *Lemon* v. *Thaxton,* 59 *Ga.* 706; *Beall* v. *Hutcheson,* 131 *Ga.* 66 (61 S. E. 1125); *Stephens* v. *City of Atlanta,* 119 *Ga.* 666 (1) (46 S. E. 872); *Wright* v. *Scott,* 145 *Ga.* 514 (89 S. E. 426).

We hold, therefore, that the suit did not disclose a prior personal judgment in favor of the plaintiff against the administrator. A suit may be brought on the bond against an administrator and his sureties without first obtaining a judgment against either in his individual or representative capacity. *Bailey* v. *McAlpin,* 122 *Ga.* 616 (6) (50 S. E. 388); Civil Code (1910), § 3974. Joint obligors may be sued in the county of the residence of either. Civil Code (1910), § 6541. The decision of the Supreme Court in *Ross* v. *Battle* is inapplicable. The motion to dismiss was properly overruled.

2. The defendant sureties filed a plea in abatement, upon the

ground that the plaintiff had previously instituted and dismissed a suit against the same parties upon the same cause of action, and had not paid the costs nor filed an affidavit in forma pauperis in lieu of costs before renewing it by the present action. We will assume that the evidence showed that the costs accruing upon the first suit had not been paid, and that the plaintiff was at fault in the failure to pay the same. We are nevertheless of the opinion that there is no merit in the assignment upon the action of the court in directing a verdict against the plea, for the reason that the defendants failed to show that the old suit and the new suit were substantially identical both as to parties and causes of action. We certainly can not say that the court committed error when the only evidence of the identity of the cases was a docket entry introduced in support of the plea, as follows:

"No. 29, Feb. Term, 1923. Appeal.

"M. L. Pinson *vs*. R. L. Jones, adm'r of V. W. Bishop et al.

"Withdrawn August 29th, 1923."

See *Butler* v. *Moseley,* 14 *Ga. App.* 288 (2) (80 S. E. 789); *Doody* v. *Jeffcoat,* 127 *Ga.* 301 (1) (56 S. E. 421); *Moore* v. *Bower,* 6 *Ga. App.* 450 (4) (65 S. E. 328); *Holmes* v. *Huguley,* 136 *Ga.* 758 (1) (72 S. E. 38). Even if such entry could be held to show that the parties were identical, it discloses nothing as to the identity of the causes of action.

3. Error is also assigned upon the direction of a verdict in favor of the plaintiff on the main issue. "Upon the rendition of a judgment in favor of a party against an executor or administrator upon any liability of the deceased, and a return of nulla bona by the sheriff or other officer authorized to make the same, the said party may at once proceed to sue upon the bond of the executor or administrator, and may recover judgment against the principal and his sureties in the same action." Civil Code (1910), § 4081. Sheriffs are authorized to execute justice's court processes. Civil Code (1910), § 4915. The plaintiff introduced the fi. fa. with the entry of nulla bona, as shown in the first division of this opinion. The fi. fa. having been issued in the county of the residence of the administrator, and the entry having been made by the sheriff of this county, it was not necessary that the plaintiff should show that the fi. fa. had been forwarded to another county and that a like entry

18

had been made by the sheriff of that county, in which the intestate may have had property at the time of his death.

These documents would have made out a conclusive case of devastavit against the administrator, and while as to the sureties they would have established only a prima facie case, there was absolutely no evidence tending to rebut the same, and the court, therefore, did not err in directing a verdict in favor of the plaintiff for the amount sued for. See *Gibson* v. *Robinson,* 90 *Ga.* 756 (2) (4). (16 S. E. 969, 35 Am. St. Rep. 250); *Johnson* v. *Huggins,* 7 *Ga. App.* 553 (67 S. E. 217); *Walker* v. *Shannon,* 21 *Ga. App.* 39 (1) (93 S. E. 498); *Groves* v. *Williams,* 68 *Ga.* 598 (3); *Sutton* v. *Flanders,* 146 *Ga.* 290 (1), 293 (91 S. E. 50). Moreover, the evidence not only failed to rebut the inference of a devastavit to be drawn from the fi. fa. and the entry of nulla bona, but materially strengthened the same by showing (instead of a deficiency of assets) that the intestate left property subject to the plaintiff's demand which ought to have been administered by the administrator and applied to its payment. *Worthy* v. *Battle,* 125 *Ga.* 415 (3) (54 S. E. 667).

In one ground of the motion for a new trial it is assigned that the court erred in ruling that the fi. fa. with the entry of nulla bona was conclusive against the sureties, and that in such ruling the court erroneously expressed an opinion as to the sufficiency of the evidence. It is true, as we have already observed, that the fi. fa. and the entry made only a prima facie case of devastavit as against the sureties, but it not appearing that the defendants were prevented by this ruling from the introduction or offering of any evidence, and such prima facie case not having been rebutted, there is no cause for reversal in such expression by the judge of an erroneous opinion as to the law, nor in his final judgment upon the facts, there being no issue for submission to the jury. Civil Code (1910), § 5926.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*