25528.   STANSELL, ordinary, for use, etc., v. LOWRY *et al.*

DECIDED SEPTEMBER 26, 1936.

*G. W. Langford,* for plaintiff.
*Wright & Covington,* for defendants.

JENKINS, P. J.   1.   "In an action against an executor or administrator in his representative character, the judgment shall be de bonis testatoris, except when he pleads ne unques executor, or a release to himself, or plene administravit, or plene administravit præter, and his plea is found against him; in which case the judgment is that the plaintiff recover both the debt and costs, in the first

place to be levied of the goods and chattels, lands and tenements of the deceased, if to be found, and if not to be found, then to be levied of the personal goods and chattels, lands and tenements of the defendant." Code, § 113-2110. "Upon the rendition of a judgment against an executor or administrator upon any liability of the deceased, and a return of nulla bona, the plaintiff may at once proceed to sue upon the bond of the executor or administrator, and may recover judgment against the principal and his sureties in the same action." § 113-2101. Where, in a suit on an administrator's bond, a breach of its conditions by a devastavit is sought to be established only by a sheriff's return of nulla bona upon an execution issued on a judgment, it is necessary both that the judgment shall have been de bonis testatoris, and that the execution issued thereon shall have commanded a levy on the properties of the deceased or his estate in the hands of the administrator. "A devastavit could not be established by the sheriff's return of no property to be found, upon an execution against the administrator individually, issued upon a judgment against him as administrator." *Forrester* v. *Tift*, 84 *Ga.* 595 (10 S. E. 1015); *Ramsey* v. *Cole*, 84 *Ga.* 147 (10 S. E. 598). Likewise, even if a judgment and execution are in proper form to authorize a levy on properties of the testator or intestate, a return of the sheriff, indicating merely that no property of the executor or administrator as an individual could be found on which to levy the execution, does not show a devastavit as to the estate. See *Sharpe* v. *Smith*, 59 *Ga.* 707.

■ A judgment against a named person "as administrator of the estate" of another named person is a judgment only against the administrator individually, and is not binding on assets of the estate (*Beall* v. *Hutcheson*, 131 *Ga.* 66, 61 S. E. 1125; *Lemon* v. *Thaxton*, 59 *Ga.* 706); and an execution issued on such a judgment, directing seizure of the "goods and chattels, lands and tenements of [the named] deceased," does not subject any assets of the estate to levy. *Freeman* v. *Binswanger*, 57 *Ga.* 159. While such an erroneous judgment and execution are amendable (*Jones* v. *Parker*, 60 *Ga.* 500 (2), 504), still it is necessary that the return of nulla bona on such an amended judgment and execution shall follow the execution, so as to show the absence of assets belonging to the estate in the hands of the administrator, and not merely the absence of assets owned by him as an individual. In the instant

suit upon the administrator's bonds, where, after a proper amendment of the original judgment and execution, the original entry and return of the sheriff remained the same as that on the original execution, without any correction or change, reading as follows, "Diligent search made, and no property of defendant (J. L. Lowry, admr. of estate of J. W. Lowry, deceased) found upon which to levy the within fi. fa.," this was not such a return of nulla bona as to properties of the estate as established a devastavit, showing a breach and liability on the bonds. These facts appearing in the petition as amended, the court did not err in sustaining the general demurrers of the sureties, or, under the documentary evidence introduced in the trial against the administrator as principal, in granting a nonsuit as to him.

■ The foregoing rulings being controlling on the merits, it is unnecessary to consider other questions, raised by the sureties in grounds of special demurrer, as to a misjoinder of causes of action or parties defendant by joining in the same petition and count an action on two separate bonds of the administrator, signed by different sureties.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*