Lockwood vs. Barefield.

No. 65.—WALTER LOCKWOOD, plaintiff in error, vs. LOYD K. BAREFIELD, defendant.

7   393
109   191
7   393
119   956

[1.] An action of debt will lie upon a dormant judgment, in this State.

Attachment and declaration in debt, in Clark Superior Court. Decided by Judge DOUGHERTY, February Term, 1849.

The declaration filed on this attachment, was in debt, and showed the cause of action to be a judgment obtained in the Court of Common Pleas of Augusta, 15th November, 1838, more than seven years before the suing out of the attachment. Defendant demurred to this declaration, on the ground, that by the Statutes of Georgia, the judgment was "void and of no effect," and could be revived only by *scire facias.* The Court sustained the demurrer, and plaintiff's counsel excepted.

T. R. R. COBB, for plaintiff in error, (with whom were W. H. HULL and C. PEEPLES,) was stopped by the Court.

F. H. CONE and J. W. HARRIS, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The Acts of 1822 and 1823, so far as this question is concerned, are in *pari materia.* The latter is amendatory of the former. The object of both Acts is primarily and mainly to prevent a fraudulent enforcement of dormant judgments. They contemplate no benefit to the defendant, but aim at the protection of *innocent purchasers* and *vigilant and bona fide creditors* from frauds, perpetrated through the agency of judgments, which being paid, are collusively kept open. This is manifest from the title of both Acts. That of 1822, is " an Act to amend the 26th section of the Judiciary Act, passed 16th day of December, 1799; and also to *prevent the fraudulent enforcement of dormant judgments.*" The preamble recites, that " dormant judgments, by being collusively kept open, are made the instruments of fraud on innocent purchasers, and often operate oppressively on vigilant and *bona fide* creditors. Be it *therefore* enacted," &c. The 3d section of the Act of 1822,

VOL. VII. 50

declared, "that all judgments, upon which no execution shall be sued, or on which no return shall be made on the execution within seven years from the date of the judgment, *shall be void and of no effect." Dawson's Dig*. 209.

The Act of 1823, in its title, is declared to be an Act to amend the 3d section of the Act of 1822. It repeals that section, and in somewhat different terms, re-enacts it, with a *proviso*. It declares, that "all judgments that have been obtained since the 19th day of December, 1822, and all judgments that may be hereafter rendered in any of the Courts of this State, on which no execution shall be sued out, or on which executions, if sued out, no return shall be made by the proper officer for executing and returning the same, within seven years from the date of the judgment, shall *be void and of no effect: Provided*, that nothing in this Act contained, shall prevent the plaintiff or plaintiffs, in such judgments, from renewing the same, after the expiration of seven years, in cases where, by law, he or they would be otherwise entitled so to do, but the lien of such revived judgments on the property of the defendants thereto, shall operate only from the time of such revival. *Prince*, 458, 451. The substantial difference between the Acts of 1822 and 1823, is this : by the former, in the contingency stated, the judgments are declared *void and of no effect*; by the latter, they are declared *void and of no effect*, but with a proviso which gives the right of renewal, in cases where, by law, plaintiffs would be otherwise entitled to renew. A very material difference. The 3d section of the Act of 1822, except as an aid to construction, may be now laid aside, being repealed. The question depends upon the Act of 1823. The object of the Act is attained, by making judgments, upon which no execution has issued within seven years, and if execution has issued, upon which no return shall be made within seven years, incapable of enforcement by execution. *Prima facie*, such judgments are fraudulently kept open, and lose their efficiency, and if not revived, are forever incapable of enforcement. But by the proviso, they may be revived. Upon the trial of the *scire facias*, the fraud may be established, if any, and the judgment of revival refused. If granted, the efficiency of the judgment, its capability of enforcement by process, is restored. Still, however, the rights of *bona fide* vigilant creditors and of honest purchasers, are protected in this, that the lien of the revived judgment dates only from its renewal. It is a Limita-

Lockwood *vs.* Barefield.

tion Act, so far as purchasers and creditors are concerned.  After renewal, and from the time of renewal, it is as it was in the beginning.  The judgment, when dormant under the Statute, is not extinct, but impotent—it is not dead, but sleepeth.  The *scire facias* does not create a new judgment; it awakens a sleeping judgment, and gives it all the attributes which it had when first rendered; only to take effect from and after its renewal.  In this view of it, the Act of 1823 does not extinguish the judgment, except as to its lien and capability of enforcement; it does not destroy it, *as the evidence of a debt.*  If so, debt will lie on it, as at Common Law.  Indeed, under this view of the Act, the proviso provides for its enforcement, not alone by *scire facias*, for that is not mentioned, but by renewal, in cases where, by law, aside from that Act, it could be renewed; thus, as I think, remitting the plaintiff to all the remedies on the judgment which he had at Common Law, and by English Statutes.  In England, at Common Law, when execution was not issued within a year and a day, on a judgment in a personal action, debt lay on it for revival.  That is, it could not be enforced by process, but was the record evidence, which would support an action of debt.  Indeed, it seems that this was the only remedy, for *scire facias* did not lie until *Stat.* 2 *West.* was passed, which extended that remedy to personal judgments. 2 *Tidd's Prac.* 1102, '3.  3 *Bla. Com.* 160.  *Bac. Ab. title, Execution, h.*  2 *Inst.* 470.

The *Stat. West.* 2, contemplates judgments upon which *no execution has issued.*  Our Courts have applied the spirit of this Statute to cases of judgments upon which execution *has issued*, but upon which no return has been made, and as I think, properly. We do not hold that *scire facias cannot* be had on this judgment— that is not necessary to our judgment—but that debt will not lie.

The defendant in error holds, that by the Act of 1823, the judgment is in so many words, in the cases contemplated, made *void and of no effect*, except that it is not void and of no effect, when the remedy of *scire facias* is applied to it.  The exception he must needs make, else count the proviso for nought.  Without his exception, his argument would defeat itself, for then, he would hold that in the general words *void and of no effect*, the judgment is void for all purposes—unconditionally a nullity; and thus would he defeat the proviso altogether.  But why except the remedy by *scire facias*, and not by debt.  Neither are named in the Act.

Better have excluded *scire facias,* and excepted debt on the judgment, because more favorable to his construction of the words *void and of no effect,* in this, that *scire facias* revives a *subsisting* judgment, temporarily inoperative, whilst debt gives a *new* judgment upon the old one *as evidence.* The exception conceded by the learned counsel is destructive of his argument. It concedes that the judgment is not so far extinguished that it may not be revived by *scire facias;* from which it would seem, by stronger inference, that it is not extinguished as the evidence of a debt. The whole is consistent under our construction. It is *void and of no effect,* so far as to be incapable of enforcement by execution, and its lien is forever lost. But it may be renewed by *scire facias,* and receive efficiency *de novo,* and acquire a new lien to date from its revival; and it stands unimpeached by the Act of 1823, as the evidence of a debt. This view of it is conclusive, when we look to the object, which is to confer no favors on the defendant, but to protect purchasers and creditors. This object is not interfered with by allowing an action on the judgment, for no lien is created thereby, but from the date of the new judgment.

Let the judgment below be reversed.