No. 59.—WILLIAM H. CARTER and wife, plaintiffs in error, *vs.* JOHN COLEBY, defendant.

[1.] A judgment, dormant by the Act of 1823, in favor of a ward against her guardian, with the entry of *nulla bona* on the execution issued thereon, made before such judgment became dormant, is admissible to prove a *devastavit,* in an action by the ward against the securities of the guardian.

In Equity, in Greene Superior Court. Decided by Judge JOHNSON, March Term, 1850.

This was an action against John Coleby, as one of the sureties

on a bond given by William G. Grimes, as guardian of Sarah T. Jones, wife of plaintiff in error.

Upon the trial, the plaintiffs offered in evidence the record of a judgment and decree against the guardian, and the execution issued thereon, on which there appeared an entry of "*nulla bona*" by the Sheriff, for the purpose of showing a *devastavit* by the guardian. The defendant objected to the testimony, on the ground, that no entry had been made on the execution since the year 1834, and that the same was, under the Act of 1823, dormant.

The Court sustained the objection, and rejected the evidence; and this point comes up for revision, on exceptions filed by plaintiffs.

CONE, for plaintiff in error, cited—

*Matthews on Pr. Ev.* 375.   *Smith's Ex'r. vs. Miller*, 14 *Wend.* 188.   2 *Reps. Const. Ct.* 617.   7 *Ga. Rep.* 393.

MERRIWETHER, for defendant, cited—

1 *Bouvier*, 577, 725.   7 *Ga. Rep.* 36, 393.   2 *Kelly*, 252.   3 *Maule & Sel.* 66.   *Lofft.* 783.   1 *Term*, 44.   4 *Ib.* 790.   *Curry vs. Piles, ante* 32.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The Act of 1823 is not intended for the benefit of judgment debtors; it is not a limitation act, except so far as other creditors and purchasers are concerned.   It was intended for their benefit and protection, and the object is effected by extinguishing the lien, and incapacitating the judgment for enforcement.   For all other purposes, it remains unimpaired.   It is the evidence of a debt, and an action can be sustained upon it.   See *Lockwood vs. Barefield*, 7 *Ga. Rep.* 393.   The decision that a dormant judgment is evidence of a debt due, is decisive of this case.   The reasoning upon which that decision goes, may be seen by reference to the case referred to above, and need not be repeated here. This is an action brought by the ward, to charge the sureties of the guardian.   The record of a judgment and execution, obtain-

ed by the ward against the guardian, dormant under the Act of 1823, and upon which execution is the Sheriff's return of *nulla bona*, made before the judgment became dormant, was tendered, to prove waste by the guardian, and rejected, as we think, improperly. The *devastavit*, in this case, consists in the refusal to pay to the ward her estate in his hands. To establish it, two things must be proven : 1. The claim or demand of the ward against the guardian. 2. His refusal or inability to pay it. The judgment establishes the first point. According to *Lockwood vs. Barefield*, it is *evidence of a debt due*. It is the highest evidence— record evidence—that the plaintiffs have a just demand against the guardian. Their claim has been ascertained in the most solemn form, to-wit, by judgment of a Court of competent jurisdiction. The pleadings, and the judgment thereon, also demonstrate the character of the claim, and the character in which the guardian was sued. The claim is for the estate of the ward, and he is sued in his representative character. Being still good, as evidence of a claim or debt due, the judgment establishes a debt due from the principal of this surety, as guardian, to the plaintiff; and that is the first thing to be proved in making out the waste.

The entry, by the Sheriff, of *nulla bona*, made when the judgment was unimpaired—before it had become dormant, under the Act of 1823—establishes the second thing to be proven, to-wit, the refusal or inability of the guardian to pay the demand. This entry was competent to prove this, before the judgment became dormant. It was then competent to prove that there were no goods of the defendant to be found, out of which to satisfy the judgment. How has it lost this competency ? The judgment is not extinct—it is only dormant. It has lost its lien, and until revived, cannot be enforced. In all other particulars, it subsists. It subsists as evidence, and it subsists as upholding and continuing the legal operation of entries made upon the execution before it became dormant. The entry of *nulla bona* has the legal effect now, that it would have if the judgment was not dormant, because it was made at a time when the judgment was capable of enforcement—when a levy could have been made, if there had been property found—and when it was competent for the Sheriff to make it.

Let the judgment of the Court below be reversed.