MAIDEN A. GODFREY, plaintiff in error, vs. JOHN T. GODFREY, defendant in error.

The evidence in support of an application for an order of publication, in a divorce case, was, the returns of the Sheriffs of two counties, showing that the defendant was in neither of those counties.
*Held*, That this evidence was not sufficient.

Divorce, from Gordon county.     Decision by Judge CROOK, at chambers, January 15th, 1859.

Maiden A. Godfrey filed her petition against John T. Godfrey, her husband, for a divorce, on the ground of wilful and continued desertion. The petition alleges, that she was married to John T. Godfrey in the year 1851, in the county of Lumpkin, and that in 1854, they removed to the county of Gordon, where they lived together about ten months, when defendant abandoned her, and has never since returned, " but is now living in Lumpkin county, in this State;" and " that said willful and continued desertion has existed more than three years," &c.     The suit was brought in Gordon county.

The original and copy petition and processes were forwarded to the Sheriff of Lumpkin county, who returned them with the following entry thereon: " Search made and the defendant not to be found."     The original and copy were then placed in the hands of the Sheriff of Gordon county, the county of petitioner's residence, and from which, it was alleged, defendant had absconded.     The Sheriff of Gordon county returned that defendant was not to be found.

Petitioner, by her counsel, then applied to the presiding Judge of the Circuit, at chambers, for an order of publication in the usual terms, in cases of absent defendants.

The Judge refused to grant the order on the following grounds:

1st. Because said order cannot be made at chambers.

2d. Because there is not sufficient proof that defendant resides out of the State.

To which decision counsel for petitioner excepts.

M. FRANCIS, for plaintiff in error.

JOHNSON, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Did the Court below err, in refusing to grant the order for publication? We think not.

The divorce cases in which, the Court is authorized to grant orders of this kind, are cases in which, the defendants " shall be out of the limits of this State." *Cobb Dig.* 224.

Did the evidence in this case, show, that the defendant was out of the limits of this State? It did not, by any means. It merely showed, that he was out of two counties of the State.

We think, that the application ought to have been accompanied by more evidence than this—by, at least, the affidavit of the plaintiff, or, of some other person, stating her belief, (and the reasons for it,) that the defendant was out of the State.

Useless to consider the other ground.

Judgment affirmed.