Parish *vs.* Parish.

EZEKIEL J. PARISH, plaintiff in error, *vs.* RACHAEL PARISH, alias RACHAEL WILKINSON, defendant in error.

A judgment rendered by a Court not having jurisdiction of the person against whom the judgment is granted, is absolutely null and void, and may be impeached whenever and wherever it is sought to be used as a valid judgment, no matter in what way it is proposed to be used as a valid judgment.

Caveat to will, from Emanuel county.    Tried before Judge HOLT, at the March Term, 1861.

The facts are fully stated in the opinion of the Court.

W. B. GAULDEN, for plaintiff in error.

———— ————, for defendant in error. ·

*By the Court.*—LYON, J., delivering the opinion.

This was a caveat to the will of Hezekiah Parish, deceased, by Rachael Parish or Rachael Wilkinson, tried upon appeal from the Court of Ordinary of Emanuel county. The ground of caveat relied upon was, that the caveatrix was the wife of testator, and was married to him after the date and execution of the will by testator. It is conceded, that if the caveatrix was the lawful wife of testator, that the will can not be set up.   The record discloses the facts, that caveatrix was married to the testator, under a license from the Ordinary Court of Emanuel county, by John Dekle, a Justice of the Peace, on the 17th December, 1855.   In the license she is named Rachael Dougherty.   It further appeared, that the caveatrix, as Rachael Dougherty, under a license from the Court of Ordinary of Bulloch county, of the date of 27th March, 1830, was married to one William R. Wilkinson, who was still living.   To the March Term of the Superior Court for the county of Bullock, for the year 1840, Mrs. Wilkinson (the caveatrix) filed her petition or libel for divorce from her then husband, Wilkinson, on the grounds of cruelty, desertion and adultery, and alleged therein that said Wilkin-

son, since his desertion, had become the father of one or more bastard children, by a woman with whom he was then, or had lately been, residing, in a state of adultery, in the county of Emanuel. A process being attached to the petition or libel, the sheriff of the county of Bulloch, on 23d of March, 1840, returned that the defendant was not to be found in the county of Bulloch, whereupon said Court, at its March Term, 1840, on motion of counsel for libelant, ordered, "that the defendant do file his answer or defence to said action on or before the next Term of the Court; and it was further ordered, that service of this rule be perfected by publication in one of the city of Savannah newspapers once a month until the expiration of the time limited for the filing of the defendant's." No other service of the defendant was effected, nor other action had by the Court in respect thereto, nor was there any appearance by the husband and defendant therein ; but at the October Term, 1841, a trial was had, which resulted in a verdict, in favor of the libelant, of divorce *a vinculo matrimonii*, and at the March Term following, a concurrent verdict was had in favor of the wife and against the husband.

Upon these facts, the only question before the Court below, on which the parties were at issue, was whether the proceedings in Bulloch Superior Court, on the libel of Mrs. Wilkinson, and the concurrent verdicts of the jury, effected a divorce of Mrs. Wilkinson from her then husband, William R. Wilkinson, or not? Counsel for the executor and propounder of the will asked the Court to charge " that the records of the divorce proved upon their face that the Court had no jurisdiction, and that these records showed that there had been no legal divorce of caveatrix from her first husband." The Court refused to give this charge, and on the contrary, charged the jury "that the propounder has put in evidence a judgment of divorce made by a Court of competent jurisdiction, which, however, he insists should be set aside and disregarded by you on account of some irregularity in it. The Court thinks differently. For though the husband might, by a proper proceeding, vacate the judgment, the propounder can not do so

Parish *vs.* Parish.

in these proceedings, the judgment, too, being his own evidence. Until set aside, it remains a judgment of divorce, and is conclusive upon the question of legal ability in the caveatrix to contract another marriage."

Was the refusal of the Court to charge as requested, and the charge, made right? Clearly not. To have given the Court jurisdiction of the person of the defendant in the proceeding, it was necessary for "the sheriff to have served a copy of the petition and citation," required by the statute, "on the defendant, or by leaving a copy at his most notorious place of abode thirty days before the sitting of the Court." Cobb, 223. The record shows that this was not done. On the contrary, after the return of the sheriff, that the defendant was not to be found in the county of Bulloch, the Court passed an order requiring the defendant to answer said action, and directing the publication of said order. This order did not aid the Court in obtaining jurisdiction of the defendant, for before the Court could pass this order to bring the defendant in, by publication instead of service, it was necessary to be made to appear to the Court affirmatively *that the defendant was out of the limits of the State.* Cobb's Dig., 224, sec. VI; Godfrey vs. Godfrey, 27 Ga. 466. This fact was not made to appear to the Court before granting this order. On the contrary, it was averred in the libelant's petition that the defendant, at the date of filing the petition, was residing at that time, or was lately before that, in the county of Emanuel, an adjoining county to that in which the proceeding was had, and the probability was that he was then residing there, at least such was the information and belief of the libelant at that time. On this evidence the presumption would be against the jurisdiction, were the rule other than it is, that is, " that nothing is intended in favor of jurisdiction." Tucker vs. Harris, 13 Ga., 7. The Court granting the divorce, therefore, had no jurisdiction, and the judgment so had was, for the want of it, void, not merely voidable as for mere irregularities, but absolutely null and void, and of no effect whatever, and subject to be "impeached whenever and wherever it is sought to be used as a valid judgment,

no matter in what way it is proposed to be used." Towns vs. Springle, 9 Ga., 132; The Central Bank vs. Gibson, 11 Ga., 453. As the verdict was against the will, and in accordance with the charge, the judgment of the Court below must be reversed, and a new trial had.

Let the judgment be reversed.