GROVES, ordinary, for use, *vs.* WILLIAMS, administrator, *et al.*

1. Where a bill was filed to settle an estate, and a decree rendered in favor of some of the heirs against the administrator for a certain amount (specifying the amounts due them), and the decree provided that if the estate of one of the heirs who owed the estate and was dead should prove insolvent, then the others should contribute *pro rata* to make up the deficiency, in a subsequent suit by one of the heirs (or his assignee) on the administrator's bond for failing to pay the amount due him under the decree, it could be pleaded and proved that the estate of the deceased heir was insolvent, and the amount which the plaintiff was liable to pay on account thereof could be set off against his claim.
2. A judgment on which no *fi. fa.* has been issued for seven years becomes dormant.
3. After a judgment has become dormant, but before the time for reviving it has expired, it is an evidence of debt ; but to establish a *devastavit* of assets of the estate, and render the administrator and his sureties liable on his bond for not paying such debt, it is necessary to prove inability or refusal on his part to do so.
(*a.*) A return of *nulla bona* cannot be made on a *fi. fa.* after it has become dormant.
4. Though the same person may be the administrator of an intestate and also of one of his heirs, on a bill by him to settle the estate including all the heirs as parties, a decree may be rendered determining the status of the deceased heir as well as the others. Such a decree will not be void on the ground that the same party is both the complainant and a defendant. Especially will it not be held void when collaterally attacked by one of the heirs who has for years acquiesced therein.

Decrees. Judgments. Set-off. Equity. Administrators and Executors. Before Judge WELLBORN. White Superior Court. October Term, 1881.

Reported in the decision.

C. H. SUTTON, for plaintiff in error.

M. G. BOYD, for defendants.

SPEER, Justice.

This was a suit brought in White superior court in favor of the ordinary for the use of A. J. Nichols, assignee, against the defendants on an administrator's bond, given by the defendants, one as principal and the other as surety on the estate of Moses Horshaw, late of Habersham county, deceased. The declaration contained two counts. The first alleging a breach of said bond, because the principal administrator had failed to pay the amount of a decree recovered against him by M. M. Horshaw, and alleging the issuance of a *fi. fa.* and a return of *nulla bona* thereon, and which had been duly assigned to Nichols, the usee of plaintiff; said decree amounting to $484.41, dated 20th of April, 1867, and *fi. fa.* issuing dated 28th of November, 1874. The second count alleged a general *devastavit*, charging Williams, as administrator, with having taken possession of the estate of his intestate, sold and converted proceeds to his own use, and his failure to pay over to plaintiff the amount due M. M. Horshaw, under said decree, and which had been assigned to plaintiff.

The defendants filed pleas of the general issue and certain special pleas in defence. On the trial of said cause, the jury, under the evidence and charge of the court, returned a verdict for the defendants. Whereupon the plaintiff made a motion for a new trial, which was overruled, and he excepted. The grounds of the motion were:

(1.) The court erred in not striking defendants' special plea.

(2.) The court erred in admitting in evidence the *fi. fa.* in the case of E. P. Williams, administrator, *vs.* Sarah McClure, widow and heir of A. C. Horshaw.

(3.) That the court erred in charging the jury as follows: "That if more than seven years had run from the time of the rendition of the decree in the case of E. P. Williams *vs.* the heirs of Moses Horshaw, rendered in Habersham superior court, the same was dormant, and could not be set up or enforced in this way without being first renewed by motion or *scire facias*."

The special plea which the court refused to strike on motion of plaintiff, in substance, alleged: "That the defendant as administrator, obtained a decree in Habersham superior court in the year 1867 against said plaintiff, and the other heirs at law and distributees of said Moses Horshaw, deceased, for the sum of $5,315.64, one-eighth part of which the said plaintiff's assignee was and is liable for and due to this defendant as administrator aforesaid, which decree and all other proceedings connected with the same is now here in court shown and legally certified, and by the terms of said decree it was provided that in the event said Alonzo L. Horshaw's estate (he being one of the deceased heirs of M. Horshaw) should be insufficient to pay off to this defendant as administrator of M. Horshaw said sum of money in full, as mentioned in said decree, then and in that event said plaintiff's assignee should account and pay over his *pro rata* share of said deficit. Further defendant averred, that in November, 1877, in the superior court of White county, he, as administrator, obtained a judgment against Sarah McClure, the former wife and widow of said Alonzo Horshaw, for the sum of $3,925.00, and $66.00 for costs, and sold out all the property of said Alonzo M. Horshaw, deceased, for the sum of $2000.00, leaving a balance of $2,000.00 or other large sum of money due and owing by said plaintiff's assignee to this defendant as administrator of M. Horshaw, and which sum he pleads as a set-off, and prays the same may be allowed."

Did the court err in refusing to strike this special plea,— is the first error assigned in the motion. The record dis-

closes that Moses Horshaw, defendant's intestate died in 1859, that defendant became his administrator, and as such in 1866 filed his bill against the heirs at law to settle said estate, and by a decree under that bill some of the heirs were indebted to the administrator, and that the administrator was indebted to some of the heirs, and among them to Melvin M. Horshaw $484.49. That in the decree settling said estate it was provided " that if the estate of Alonzo L. Horshaw, one of the heirs at law (but now deceased) should prove insolvent, that then the other heirs of Moses Horshaw should contribute *pro rata* to make up said deficiency." Afterwards defendant, as administrator of Moses Horshaw, recovered a judgment against the estate of Alonzo L. Horshaw, and after selling out the whole estate there was a deficiency and balance due on the judgment of about $2,000.00 unpaid, and insolvent, and for his *pro rata* share of said sum it was claimed Melvin M. Horshaw and his assignee were liable to the administrator, and it was to set-off this liability the plea was filed.

The decree under which this assignee sought to recover of this administrator and his surety on his bond did find an amount due Melvin M. Horshaw by the administrator, of $484.49; but the same decree provided that if the estate of Alonzo L. Horshaw should fail to respond to its indebtedness in full, each heir at law, including the plaintiff, should respond *pro rata* to pay this deficiency. We see no good reason why, under the plea filed, this proof could not be made at law, and thus the claim sought to be recovered by plaintiff might not be abated or reduced by the *pro rata* share of the deficiency, for which, by the terms of the decree, he was liable to the administrator. We infer this decree of $484.49 in favor of plaintiff *vs.* the administrator was based upon the presumption that the estate of Alonzo L. Horshaw was solvent and would pay in full the debt due by it to the estate of Moses Horshaw; but in the event it failed so to do, then in effect

the recovery had against the administrator was to be re-
duced to the extent of said deficiency, to be charged
against each heir ratably.   It is true this deficiency might
have been ascertained by a supplemental proceeding, and
an amendment of the decree in which it is now left un-
certain and contingent; but when suit is brought to re-
cover the amount due on this decree against the admin-
istrator and his securities, why may not a court of law, by
way of plea, ascertain and apportion this deficiency and
thus settle these issues by one trial between these parties?

We see no error, therefore, in the court overruling the
demurrer to this special plea, and this also disposes of the
error assigned in the second ground of the motion ; for if
the plea was maintainable at law, then it follows the evi-
dence offered under it was admissible that went to show
the deficiency for which the plaintiff was ratably liable.

2, 3.  Did the court err in holding and charging the jury
as complained of in the third ground of the motion, "that
the decree of the plaintiff *vs.* the defendant as adminis-
trator, if rendered in April, 1867, and no *fi. fa.* issued
thereon until November, 1874, the same was dormant
and could not be enforced unless revived ?"

It will be noted that this suit to recover on this admin-
istrator's bond rested upon a *devastavit* alleged to have
been committed by failing to pay this decree upon which
a return of *nulla bona* was made.

Section 2914 of the Code declares, "no judgment here-
after obtained in the courts of this state shall be enforced
after the expiration of seven years from the time of its
rendition when no execution has issued upon it."

A dormant judgment before the term expires for reviv-
ing it, is and has been so held by this court to be evidence
of debt ; but one which can not be enforced, only after
revival or action of debt thereon.   Still it is, if the right
to revive or sue upon it has not been barred, evidence
of an indebtedness.  7 *Ga.*, 393 ; 8 *Ga.*, 351.  But to
establish a *devastavit* against an administrator. and his

security in a suit upon his bond, a mere evidence of indebtedness does not suffice; the plaintiff must go farther, and if he is relying upon a dormant judgment as such evidence he must show either an inability or refusal on the part of the administrator to pay, and if he relies upon the return of *nulla bona* on the dormant judgment or *fi. fa.* therefrom, it should appear that such return was made before the judgment became dormant. In this case the seven years expired in April 1874, and the judgment became dormant, and the return made thereon by the officer was made in January, 1875, at a time when his return was void and of no effect.

We do not think, therefore, the charge of the court complained of was error under the proofs contained in the record. This dormant judgment without any entry of *nulla bona* entered before dormancy, was no such evidence of *devastavit* as would, without more, authorize the plaintiff to recover. 8 *Ga.*, 351.

4. It is further insisted by counsel for plaintiff in error, that so much of the decree in favor of E. P. Williams, administrator of Moses Horshaw, against himself as administrator of A. L. Horshaw, as to the latter estate is void, since the same person cannot be complainant and defendant in the same suit. While this may be true as a general proposition, yet it is not true in legal contemplation that the parties here are the same. E. P. Williams, administrator of Moses Horshaw, is a different party from E. P. Williams, administrator of A. L. Horshaw. The one is under oath and bond faithfully to administer the estate of Moses Horshaw, and the other is under like bond and oath to administer the estate of A. L. Horshaw. In settling estates it may be a necessity under the direction of a court of chancery, for the same person to represent interests of seeming conflict. From this record this bill was filed to settle the estate of Moses Horshaw among the heirs. Alonzo L. Horshaw was an heir and also a debtor, and he was a necessary party to the bill,

v 68—40

and under the supervision of a chancery court we are not prepared to hold that a decree thus rendered would, upon a mere suggestion years afterwards, be void. On the other hand, in the absence of all allegations or evidence of fraud, mistake or collusion, we see no good legal reason to declare it void upon a mere suggestion or motion, and especially when the assignor of plaintiff in error was a party to the same decree his assignee is claiming a benefit under.

Let the judgment below be affirmed.