demurred generally, and because the action was not instituted in the name of the loser of the money. The plaintiff offered to amend by adding the name of L. W. Smith as suing for the use of B. B. Smith. This amendment was disallowed, and the demurrer was sustained; to which rulings the plaintiff excepted.

M. G. Bayne, by brief, for plaintiff.

L. D. Moore and Dessau & Bartlett, for defendant.

---

### Ray *et al. v.* Strickland.

A judgment debtor having died intestate May 1st, 1870, and the execution issued on the judgment having, after various entries thereon, finally become dormant January 21st, 1887, no administration ever having been granted upon the estate of the deceased, the heirs at law all being of age and there being no debts of the estate other than this judgment, it was not too late on March 3d, 1890, for the owner of the judgment and *fi. fa.* to apply as a creditor for administration on the estate of the deceased. Although the judgment was then not only dormant, and the right to revive or sue upon it barred, the debt was not extinguished; and as the bar attached after the debtor's death, his administrator could waive it. Code, §2542; *Baker* v. *Bush*, 25 *Ga.* 594; *Castellaw* v. *Guilmartin*, 54 *Ga.* 299.      *Judgment affirmed.*

October 1, 1892.

Dormant judgment. Administration by creditor. Waiver. Before Judge Atkinson. Pierce superior court. October term, 1891.

Application was made for letters of administration on the estate of Silas Overstreet; a *caveat* was overruled, and the caveators excepted.

Silas Overstreet died on May 1, 1870, intestate. There was no administration on his estate. On April 9, 1873, was issued an execution founded on a judgment rendered in the superior court on December 10, 1867, in favor of Ferst & Co. against Silas Overstreet. On April 11, 1873, this execution and judgment were transferred to J. W.

Strickland.  Entries of *nulla bona* were made on June 10, 1873, and on January 21, 1880.  On January 8, 1890, the execution was levied on certain realty as the property of Silas' Overstreet.  On March 3, 1890, this application for administration was made by J. W. Strickland as a creditor.  Ella L. Ray and S. T. Overstreet, heirs at law of Silas Overstreet, filed their *caveat* upon the grounds, (1) that the heirs at law were all of age, and there was no outstanding indebtedness against the estate that was [not] within the statute of limitations; (2) that Strickland was not one of the heirs at law; (3) that if administration was had, the caveators were entitled to it as next of kin; and (4) that if Strickland was a creditor, he had final process, and no administration was necessary.  It was admitted that if administration was granted the caveators were entitled, Strickland not being of kin.  His sole claim to administration as a creditor was the indebtedness evidenced by the execution.  The question submitted to the court under the above facts was, whether Strickland so far made his interest to appear as to justify the grant of administration.  The *caveat* was overruled, and letters of administration were ordered to issue to Ella L. Ray and C. M. Ray, they being the next of kin of the deceased.

G. J. HOLTON & SON, for plaintiff in error.

S. W. HITCH, *contra*.