## CONYERS *et al. v.* BRUCE.

1. In a contest between a creditor and the heirs at law of an intestate as to the necessity of administration, the creditor claiming a debt against the estate and the heirs denying it, it is not necessary for the creditor to establish conclusively the existence of the debt. Prima facie proof is all that is necessary.
2. Under the evidence as disclosed by the record, the creditor established prima facie the existence of his debt, and there was no error in appointing an administrator on the estate.

Argued October 10, — Decided November 2, 1899.

Application for administration — appeal. Before Judge Harris. Carroll superior court. October term, 1898.

*W. F. Brown*, for plaintiffs in error.
*Oscar Reese* and *Sidney Holderness*, contra.

SIMMONS, C. J. Bruce, claiming that he had two judgments against the estate of Conyers, obtained during the life of Conyers, applied to the ordinary to have an administrator appointed on the estate of Conyers. The heirs at law of Conyers contested the appointment of an administrator, on the ground that Bruce had no legal judgments against the estate, and that the judgments he held were, even if legal, barred by the statute of limitations. A great many questions were made in the record which the view we take of the case renders it unnecessary to decide.

1. Under our code it is almost a necessity to have administration where a person dies intestate leaving debts; and in our

opinion it is not necessary for a creditor who claims a debt against the estate of the intestate and who applies for administration thereon to prove conclusively the existence of the debt. If he makes a prima facie case, that is sufficient to authorize and require the ordinary to appoint an administrator. On such an application, it is not the duty of the ordinary to go into a regular investigation of all the details as to how the debt in question arose, or, if it has been reduced to judgment, whether the judgment has become dormant. It is not his duty to determine whether the creditor has the right to maintain an action upon his judgment, if dormant, or whether such right has become barred by the statute of limitations. These are all questions to be passed upon by another tribunal which the law has provided. *McLaren* v. *Bradford*, 52 *Ga.* 648.

2. In the case now under consideration, Bruce's judgments had apparently not become finally barred at the time of the death of Conyers. They may have been dormant, but the three years in which he had the right to revive them by scire facias, or to sue upon them as debts, had apparently not expired. The fact that the judgments were dormant did not prevent their being debts. Bruce could still have maintained an action upon them. *Lockwood* v. *Barefield*, 7 *Ga.* 393. In *Ex parte Craig*, *T. U. P. Charlton's Rep.* 159, the ordinary refused to appoint an administrator, on the ground that the debt upon which the application was based had become barred by the lapse of time. On certiorari it was held that "The application should not have been dismissed upon that principle, for it was not competent for the court below thus to destroy the remedy by action which the applicant might have possessed. That was a subject of ulterior investigation, which could not take place before the ordinary." In the case of *Ray* v. *Strickland*, 89 *Ga.* 840, it was held that "Although the judgment was then not only dormant, and the right to revive or sue upon it barred, the debt was not extinguished; and as the bar attached after the debtor's death, his administrator could waive it." If, in the present case, there is any merit in the contentions of the heirs at law, the judgment appointing an administrator will not prevent the administrator from contesting the

justness or the legality of the claims of Bruce, although these questions have been passed upon by the ordinary and by the superior court. *Judgment affirmed. All the Justices concurring.*