FERRELL *v.* GILL.

1. An instrument purporting to be a codicil to the last will and testament of one deceased, which unequivocally identifies the will to which it is alleged to be a codicil, becomes effective as such when duly executed and probated, although not physically attached to the will.

2. Since the change made by the act of 1866, and the adoption of the constitution of 1868, in the status of married women in respect to rights of property, a married woman may make a valid will disposing of the property constituting her separate estate, without the consent of her husband or any authority vested in her by virtue of a marriage contract between her and the husband.

Argued January 10,—Decided April 16, 1908.

Probate of will—appeal. Before Judge Cann. Chatham superior court. May 18, 1907.

*J. Hartridge Smith* and *R. F. C. Smith,* for plaintiff in error.
*T. P. Ravenel* and *Osborne & Lawrence,* contra.

BECK, J. In the superior court, on appeal from the court of ordinary, John Gill Sr., as propounder, offered for probate the last will and testament of Mary Virginia Ferrell, deceased, and the codicil thereto. Joseph Ferrell caveated the probate upon several grounds. The jury empaneled to try the case returned a verdict finding against the caveat and in favor of the probate of the will and codicil as offered. A motion for a new trial was made, and to the order overruling it exceptions were taken. The motion for a new trial contains several grounds, only two of which it is necessary to consider.

1. The first ground of the amended motion complains that the court erred in refusing to give the following charge: "If you find that the will and codicil are attached together so as to make one instrument of writing, then in that event you should find in favor of the will and also find in favor of the codicil, and your verdict would be, 'We, the jury, find in favor of the probate of the will and codicil.' But if you find that they are not attached together, but are two separate documents, then you should only consider the codicil as evidence of the republication of the will, and not as varying its terms, and your verdict would be, 'We, the jury, find in favor of the probate of the will, and against the probate of the codicil.'" There was no error in refusing to give the charge just set forth. The instrument offered as a codicil to the will of the deceased, while not attached to the will, refers to the will by date, mentions certain of its provisions, and unequivocally identifies it as the instrument to which the paper in question is intended to be a codicil. This was sufficient to render the instrument offered for probate as a codicil to the will operative and effective as such when both were duly and properly probated, as was

done in this case. The mere failure to attach the codicil to the will does not affect any of its provisions, whatever importance the failure to attach might have under some circumstances as an evidentiary fact. *Pope* v. *Pope,* 95 *Ga.* 87 (22 S. E. 245) ; 6 Am. & Eng. Enc. Law (2d ed.), 195.

2. The only other question made in the record is, as to whether a married woman can make a valid will disposing of her separate property without the consent of her husband, "in the absence of a marriage contract or other written authority to make a will." This question is necessarily answered in the affirmative, under the decision in the case of *Urquhart* v. *Oliver,* 56 *Ga.* 344. That decision embodies the unanimous opinion of this court upon the question involved. Further discussion of that question than that found in the decision referred to is unnecessary, and would be unprofitable at this date. *Judgment affirmed. All the Justices concur.*