17945.   CITIZENS BANK OF PLAINS *v.* HAGERSON.

Under section 4355 of the Civil Code of 1910, as amended (Park's Code
Supp. 1922, § 4357(a)), a suit to revive a dormant judgment must be
brought within three years from the time it becomes dormant. Under
that section a judgment becomes dormant if seven years elapse "at
any time after execution is issued thereon without an entry on the
execution by an officer authorized to execute and return the same, and
such entry recorded" on the general execution docket, "with the date
of such record entered by the clerk." As was held by this court in
*Lewis* v. *Moultrie Banking Co.*, 36 *Ga. App.* 347 (136 S. E. 554, 555),
where there is no reliance upon a compliance with the statute as to
recording entries on the execution docket, nothing else will suffice, even
as between the parties, save the record of facts upon the public dockets
of the courts, showing a bona fide public effort to collect the debt. See
also *Nelson* v. *Gill*, 56 *Ga.* 537; *Craven* v. *Martin*, 140 *Ga.* 651 (79
S. E. 568); *Towers* v. *City Land Co.*, 31 *Ga. App.* 612 (121 S. E. 701).
From the foregoing it follows that a levy by the sheriff of an execu-
tion, followed by a sale under the levy, will not suffice to prevent
the running of the dormant-judgment act, where it is not made to
appear that any record of the levy and sale has been made upon
the public dockets of the courts. This is true although it appears
from the petition that the funds arising from the sale were retained
by the sheriff upon another execution against the defendant, and paid
over to the holder of the other execution, where it does not further
appear that the funds were applied by order of the court to the other
execution upon a money-rule or other proceeding in court which ap-
pears of record upon the public dockets of the courts. The court did
not err in sustaining the demurrer to the plaintiff's petition.

DECIDED OCTOBER 14, 1927.

Complaint; from city court of Americus—Judge Harper. Jan-
uary 10, 1927.

Application for certiorari was made to the Supreme Court.

*R. L. Maynard,* for plaintiff.   *Zach Childers,* for defendant.

JENKINS, P. J.   On June 1, 1926, Citizens Bank of Plains
brought suit against J. T. Hagerson, alleging that in April, 1916,
the plaintiff recovered a judgment against the defendant in the
city court of Americus, and that on April 10, 1916, execution
was issued thereon and duly entered of record upon the general
execution docket in the office of the clerk of Sumter superior
court; that in November, 1917, the sheriff levied the execution
upon certain land of the defendant, which was sold on December
4, 1917; that the "funds arising from the sale of said land were
retained by said sheriff upon a certain execution against said de-
fendant, issued from the city court of Ellaville; that said execu-

tion, being of prior date, was a superior lien upon said funds, and the same was paid and applied thereon." It is not alleged that the funds were distributed to the holder of the prior execution upon a money-rule against the sheriff, or by order of court in any other legal proceeding. The petition sets forth that the judgment sued on is dormant, and asks judgment against the defendant for the amount due thereon. The defendant demurred upon the ground that the petition showed that the judgment sued on was dormant, and that it was more than ten years old at the time of the filing of the petition. The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

*Judgment affirmed. Stephens and Bell, JJ., concur.*