PRICE *et al.* v. HILL *et al.; et vice versa.*

Nos. 11564, 11565. FEBRUARY 11, 1937.
ADHERED TO ON REHEARING MARCH 25, 1937.

*McGee & Elliott, M. C. Edwards,* and *Tom Edwards,* for Price et al.

*R. R. Jones, H. A. Wilkinson,* and *Henry Wilkinson,* contra.

BECK, Presiding Justice. A. C. Price and J. L. Hill, as nominated executors, filed in the court of ordinary of Terrell County a petition for the probate in solemn form of the will of Miss M. V. Hill, deceased, said will having previously by said executors been probated in common form. Eli G. Hill, E. B.

Hill, D. B. Hill, Allen Hill, Judson Hill, David D. Hill, and Mrs. Bela Hill Moreland filed a caveat, alleging that item 2 of the propounded will was void for uncertainty, in that a certain list or schedule of bonds referred to in that item was not attached to the will at the time of the execution on December 5, 1930, but was attached subsequently to the execution of the will, to wit, on March 24, 1933. The court of ordinary sustained this caveat. Pending the probate proceedings in the court of ordinary, another caveat was filed by Mrs. E. B. Whiddon, Annie Hill Drewry, and Henry Harris Drewry, as executors of the will of Mrs. Inez Hill Drewry, deceased, and by Annie Hill Drewry, Henry Harris Drewry, and Dr. T. E. Drewry, as heirs at law of Mrs. Inez Hill Drewry, the prayers of which were denied. The court of ordinary probated the will of Miss Hill in solemn form with the exception of item 2, which was refused probate on the ground that it was void for uncertainty. The caveators took an appeal. In the superior court, Eli G. Hill and the other named persons who joined with him in filing the caveat first above mentioned, filed a motion to dismiss the caveat last referred to; and the court sustained this motion and dismissed the caveat on the ground that it alleged no cause of action. A writ of error from this decision was dismissed by the Supreme Court as having been prematurely sued out, no final judgment probating the will having been rendered. *Whiddon* v. *Hill,* 180 *Ga.* 430 (179 S. E. 104).

On March 11, 1935, A. C. Price, individually and as temporary administrator of the estate of C. H. Price, deceased, by intervention filed in the superior court a caveat to the probate of Miss M. V. Hill's will, alleging that at the time Miss Hill executed her will there was attached to the will and executed as a part thereof a certain schedule of bonds containing the names of the legatees and a specific designation of the bonds each legatee was to receive, said list being specifically referred to by item 2 of the will and made a part thereof; that this list was signed by the testatrix at the time of the execution of the will; that subsequently to the execution of this will Miss Hill disposed of certain of the bonds referred to in said list, and on March 24, 1933, she detached and removed from her will the original list referred to, and substituted a revised list, omitting from the revised list the bonds so disposed of; that the detaching and removal of said original

list was without any intention of revoking the will, in that the revised list bequeathed the remaining bonds to the identical beneficiaries designated in the original list. The intervenor prayed that the original list attached to the will at the time of its execution on December 5, 1930, be restored, and the will be probated as a part of the same. To this intervention Eli G. Hill, E. B. Hill, D. B. Hill, Allen Hill, Judson Hill, David D. Hill, and Mrs. Bela Hill Moreland filed a plea of judgment by estoppel. Motion to dismiss this plea was sustained on the ground that it set up no defense. The same parties who filed this plea filed a motion to dismiss the caveat of A. C. Price individually and as administrator of C. H. Price, on the ground that said caveat set up no cause of action, in that the bond list sought to be established was not sufficiently identified by item 2 of the will to become a part thereof. On July 8, 1936, the court sustained this motion and dismissed the caveat of Price et al.

By agreement of the parties all questions of law and fact were heard by the judge of the superior court. He passed an order probating the will of Miss M. V. Hill in solemn form, with the exception of item 2, which item was refused probate on the ground that it was void for uncertainty; and it was directed that letters testamentary be issued to A. C. Price, the surviving executor named in the will. To this order and judgment Price et al. excepted. Hill et al. took a cross-bill of exceptions.

■ We are of the opinion that the dismissal of the caveat to probate of the will of Miss M. V. Hill, filed by A. C. Price individually and as administrator of the estate of C. H. Price, deceased, was error. This caveat showed by express allegations that the schedule sought to be set up and established as a part of the will of Miss M. V. Hill, deceased, was expressly referred to in item 2 of the will, and was subsequently attached to said will at the time of its execution, and was actually signed by the testatrix at the time she signed other portions of her will. The schedule was in existence at the time of the execution of the will, bore the same date as that of the will, and specifically identified the beneficiaries and the bonds each was to receive. It is not necessary to take up in detail each of the various assignments of error on the judgment excepted to. All of them can be sufficiently considered in passing on the question whether the court erred in dismissing

the caveat filed by A. C. Price individually and as administrator of the estate of C. H. Price, deceased, and in probating the will of Miss M. V. Hill without item 2 thereof. That item was as follows: "My bonds and jewelry I direct my executors to deliver to the individuals named on separate parcels or packages of same, to be found in my safety-deposit box, a list of which, consisting of the items and names of the legatees, is to be found therein, and attached hereto." Physically attached as a part of the will at the time of its execution was the following exhibit: "Disposal list of my bonds. 12-5-30. I wish the following bonds delivered to the parties named below: Alice Price, 2 Ga. State Bonds R535, R536; Albert Price Jr., 2 Ga. State Bonds R340, R341; A. C. Price, 1 Ga. State Bond R338; A. C. and C. H. Price, 1 Ga. State Bond R339; C. H. Price, 1 U. S. Liberty Loan Bond 217800; Mrs. T. E. Drewry, 1 Ga. State Bond R337; Mrs. E. B. Whiddon, 1 Ga. State Bond R342; Mrs. E. Bell, 1 U. S. Liberty Loan Bond 442025; Eli Hill, 1 U. S. Liberty Loan Bond 217798; J. L. Hill, 1 U. S. Liberty Loan Bond 29156. [Signed] Miss M. V. Hill."

A duplicate of the list just quoted was placed with the bonds in the safety-deposit box of the testatrix. After the execution of the will, the testatrix disposed of some of the bonds, and on March 24, 1933, she removed from her will and from her safety-deposit box the above-quoted list, and substituted in lieu thereof the following: "Bronwood, Georgia, March 24th, 1933. I wish the following bonds given to: Mrs. E. B. Whiddon: (1) $1000 Ga. State 1941 No. R342. Mrs. T. E. Drewry: (1) $1000 Ga. State 1941 No. R337. Mrs. J. D. Bell: (1) $1000 Liberty 1933-38 fourth No. 442025. A. C. Price (2) $1000 Ga. State 1941 No. R338-339. [Signed] M. V. Hill."

All parties agree that the substituted list dated March 24, 1933, constitutes no legal part of the will, because it was not made until after the execution of the will. The plaintiffs in error are seeking to probate the original bond list dated December 5, 1930, contending that although this list was subsequently removed from the will, no revocation of item 2 resulted thereby. Defendants in error, while agreeing that the removal of the bond list did not operate as a revocation of item 2, contend that that item in its original form, with the original list attached, was void for uncer-

tainty and indefiniteness. Therefore the question for determination is whether or not item 2 of the will was void for uncertainty.

The removal of the original bond list, dated December 5, 1930, from the will did not operate as a revocation of item 2, or as a revocation of the entire will. The allegations in the caveat of the plaintiffs in error are to the effect that the removal of the list was without any intention of revoking the will or any part of it. A comparison of the substituted list dated March 24, 1933, with the original list discloses that the beneficiaries of the bonds remaining on hand are identical in both lists, excepting C. H. Price, who in the meantime had died. The substituted list merely omitted the beneficiaries whose bonds had been disposed of. To revoke a will there must be an intention to do so. "Joint operation of act and intention is necessary to revoke a will." "All the destroying in the world, without intention, will not revoke a will." *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606). Even had the removal of the original bond schedule been with a positive intention of revoking item 2 and making a change, a revocation would not have resulted. Revocation pro tanto by obliteration, canceling, or destroying such part is not authorized in Georgia. In *Hartz* v. *Sobel,* 136 *Ga.* 565 (71 S. E. 995, 38 L. R. A. (N. S.) 797, Ann. Cas. 1912D, 165), this court held: "A testatrix, after the execution of her will, cut therefrom two items giving bequests of money, and cut from another item, in which a bequest of money had been given to two of her nephews, the name of one of them, and also cut out the name of the same nephew as an executor, and removed other words and pluralized letters which showed that there were more legatees than one in the last-mentioned bequest and more executors than one nominated. The will was propounded without such parts which had been cut therefrom. Evidence was introduced to show that the testatrix did not intend to revoke the entire will, but only to revoke the parts eliminated therefrom, and that she retained the instrument, after such cutting, as being her will. *Held,* that under the statute of this State a revocation of a will pro tanto by canceling, obliterating, or destroying such part is not authorized. . . Under the facts stated, . . if the testatrix did not intend to revoke the entire will, but only the particular legacies and the appointment of the executor, which were

cut therefrom, a revocation of the entire will would not result as a matter of law from such cutting. . . If a will was duly executed, and when propounded for probate it appeared that certain words had been cut from it by the testatrix, with a view to making a pro tanto revocation only as to three bequests of money and the appointment of a certain executor, and it could be shown what such words were, they could be restored by evidence, and the will as originally executed admitted to probate." The decision from which this quotation is taken is authority for the contention of the plaintiffs in error that the original bond list should be probated as a part of the will; and other authorities sustain this ruling. See *Jones* v. *Habersham*, 63 *Ga.* 146; *Owen* v. *Groves*, 145 *Ga.* 287 (88 S. E. 964); *Burge* v. *Hamilton*, 72 *Ga.* 568; *Ferrell* v. *Gill*, 130 *Ga.* 534 (61 S. E. 131, 14 Ann. Cas. 471). Decisions by other courts might be cited. Item 2 of the will, which the court held to be void for uncertainty, when construed in connection with the list referred to, was not void for uncertainty, and should have been probated as a part of the will. There is no inconsistency in plaintiffs in error filing a caveat on the grounds taken therein; and under the rulings stated above, the judgment excepted to in the main bill of exceptions must be reversed.

■ No elaboration of the ruling stated in the second headnote is necessary.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*