26023. JAMES *v.* ROBERTS.

GUERRY, J. 1. "Under section 4355 of the Civil Code of 1910, as amended (Park's Code Supp. 1922, § 4357 (a)) [Code of 1933, §§ 110-1001, 110-1002], a suit to revive a dormant judgment must be brought within three years from the time it becomes dormant. Under that section a

judgment becomes dormant if seven years elapse 'at any time after execution is issued thereon without an entry on the execution by an officer authorized to execute and return the same, and such entry recorded' on the general execution docket, 'with the date of such record entered by the clerk.'" *Citizens Bank of Plains* v. *Hagerson*, 37 *Ga. App.* 282 (140 S. E. 48).

2. On December 7, 1926, the defendant in error obtained a judgment against the plaintiff in error, in the municipal court of Atlanta, Fulton County, in the amount of $171 principal. Execution was issued on December 11, 1926; and on December 14, 1926, an entry of nulla bona was made on said execution by a deputy marshal of said court. On April 16, 1927, said execution with entry was entered on the general execution docket of Fulton superior court. At the time of the filing of the present action, December 20, 1935, which was a suit on said judgment, the judgment was dormant and unenforceable, "but until it is finally barred by the statute of limitations (and the final bar does not attach until three years after dormancy begins) it is evidence of indebtedness" (*Johnson* v. *Huggins*, 7 *Ga. App.* 553, 67 S. E. 217), and under the provisions of the Code, § 110-1002, suit may be brought thereon within three years from the date it becomes dormant. See *Lockwood* v. *Barefield*, 7 *Ga.* 393, 394, 395; *Williams* v. *Price*, 21 *Ga.* 507; *Bridges* v. *North*, 22 *Ga.* 52, 55; *Dibble* v. *Pease*, 59 *Ga.* 619; *Redd* v. *Davis*, 59 *Ga.* 823, 828; *Groves* v. *Williams*, 68 *Ga.* 598 (3); *Conyers* v. *Bruce*, 109 *Ga.* 190 (34 S. E. 279); *Heakes* v. *Heakes*, 157 *Ga.* 863, 867 (122 S. E. 777). The only assignment of error in the petition for certiorari is that "the court erred in that the record of the evidence discloses that the court should have dismissed said cause, because the motion of your petitioner to the court discloses that said judgment was dormant, and that no effort had been made to publicly enforce the same, that said judgment was and is contrary to the evidence and contrary to law." The plaintiff's suit admitted the dormancy of the judgment, but this was no reason to dismiss the suit, which was itself a suit upon the judgment as an evidence of indebtedness. The suit was brought within three years from the date the judgment became dormant, and, as already pointed out, this was a proper procedure.

3. It appears in the brief of evidence attached to the petition for certiorari that the court refused to allow the plaintiff in error to prove payment of the judgment. No assignment of error is made in the petition for certiorari on this refusal, and therefore we can not consider the argument of counsel for the plaintiff in error that such action was erroneous. However, it appears from the record that counsel for the plaintiff in error made no objection to the action of the court in ruling out this evidence, and therefore the complaint is without merit.

4. The judge did not err in overruling the certiorari.

    *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

    Decided April 10, 1937. Rehearing denied May 11, 1937.

*Clifford M. James, Linton S. James,* for plaintiff in error.
*C. Mortimer Mason,* contra.