BYRD *et al.* v. RIGGS.

DUCKWORTH, Chief Justice. 1. A caveat to a will signifies a contest in which the pleadings consist of the will, the petition for probate, the caveat or allegations against the will and all amendments thereto (Redfearn on Wills, Ch. 10); and no traverse of the caveat is necessary, since the burden is already upon the propounder to establish the existence of a valid will as the contest is determined by the pleadings already filed therein. Accordingly, the exception pendente lite to the judgment refusing the motion to dismiss on the ground that no traverse was filed was without merit.

2. On appeal the caveators struck from the original caveat the allegation that the will was revoked and added that the testatrix "did knowingly and intentionally attempt and undertake to revoke her said will and did manifest her said intention to revoke" it. The demurrer to the caveat as amended was properly sustained, since there must be a joint operation of act and intention to revoke a will and there is no allegation

that the will was ever revoked. *Coffee* v. *Coffee,* 119 *Ga.* 533 (46 S. E. 620); *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (47 S. E. 501); *Porch* v. *Farmer,* 158 *Ga.* 55 (122 S. E. 557); *Price* v. *Hill,* 184 *Ga.* 191 (190 S. E. 575); *Moore* v. *Segars,* 192 *Ga.* 190 (14 S. E. 2d, 752).

(a) Nor does the prayer and allegation for equitable relief create a cause of action, since the superior court as an appellate court here has only the jurisdiction of the court of ordinary, which has no equitable powers in such a case. *Greer* v. *Burnam,* 69 *Ga.* 734; *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (48 S. E. 437); *Field* v. *Brantley,* 139 *Ga.* 437 (77 S. E. 559); *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602); *Foster* v. *Allen,* 201 *Ga.* 348 (40 S. E. 2d, 57); *Cone* v. *Johnston,* 202 *Ga.* 420 (43 S. E. 2d, 545).

(b) The court did not err in sustaining the demurrer and dismissing the caveat as amended.

*Judgment affirmed. All the Justices concur.*

No. 17828. Submitted April 14, 1952—Decided May 12, 1952.

*Wm. J. Neville, W. G. Neville* and *B. H. Ramsey,* for plaintiffs in error.

*Fred T. Lanier, Robert S. Lanier* and *Geo. M. Johnston,* contra.