### 43463.   LONG v. LONG.

Argued February 5, 1968—Decided April 4, 1968.

*Robert E. Barfield,* for appellant.

*George L. Jackson,* for appellee.

EBERHARDT, Judge. ■ The question arises as to whether the appeal must be dismissed because the original order sustaining the general demurrer was entered more than 30 days prior to the filing of the notice of appeal. If the motion to reconsider had not carried a prayer that the judgment be vacated and set aside this position might have merit. *LeCraw v. L. P. D., Inc.,*

114 Ga. App. 281 (150 SE2d 927). But since there was a prayer to set the judgment aside, with a rule nisi thereon, we conclude that there was no final judgment from which an appeal could be entered until that motion was disposed of. *Pazol v. Citizens Nat. Bank of Sandy Springs,* 112 Ga. App. 161 (144 SE2d 117); *State Bank of Leesburg v. Hatcher,* 106 Ga. App. 735 (128 SE2d 339). In any event, however, it would appear from the holding in *Van Dyke v. Van Dyke,* 120 Ga. 984 (48 SE 380), that an appeal will lie from the order denying the motion to reconsider.

■ Appellant contends that it is necessary that she get a representative of the decedent's estate appointed in order that she may proceed against him in Bibb Superior Court to have the divorce decree set aside, and urges this as the reason why it was error to sustain the general demurrer to her application.

Appellee's position is that in the application to have an administrator appointed appellant alleges the existence of a divorce decree, *not void on its face,* and that this discloses prima facie a lack of standing on the part of applicant to file the application. With this we must agree.

In the first place, the court of ordinary had no jurisdiction to entertain an application for the appointment of an administrator so long as the order declaring no administration to be necessary was outstanding. There was no attempt to set this aside.

In the second place, although the divorce decree may be void, it does not so appear *on its face.* That the signature to the acknowledgment of service was a forgery does not so appear; it is a matter which must be proven. Likewise, that the defendant in that action was at the time a patient at the Milledgeville State Hospital, suffering from a mental illness, does not appear from the face of the record; that, too, must be proven. And since the decree does not appear to be void on the face of the record, it is binding upon the parties until set aside by a direct attack in the court where it was obtained. *Hood v. Hood,* 143 Ga. 616 (85 SE 849); *Thomas v. Lambert,* 187 Ga. 616 (1 SE2d 443), and citations.

Appellant's reliance on *Parish v. Parish,* 32 Ga. 653 is mis-

placed. In that case the petition for divorce, filed in Bulloch Superior Court, alleged that plaintiff was residing in Emanuel County, and when the Sheriff of Bulloch County was unable to perfect service he entered a return of *non est inventus*, after which the court ordered service perfected by publication. In the opinion the Supreme Court pointed out that since there had been no showing that the defendant was not a resident of this State the order to perfect service by publication was wholly unauthorized. Thus, the record showed on its face that the defendant had never been lawfully served, and the court, having no jurisdiction of him, was without jurisdiction to grant the divorce. The judgment was void on the face of the record.

Nor is a different result required by *Conyers v. Bruce*, 109 Ga. 190 (34 SE 279), where it was held that in a contest between a creditor and the heirs at law of an intestate as to the necessity for an administration, the creditor claiming a debt against the estate and the heirs denying it, it is not necessary for the creditor to establish conclusively the existence of the debt, a *prima facie* showing being all that is necessary. Here, instead of a *prima facie* showing of applicant's right to proceed, her application shows *prima facie* that, having been divorced from the decedent, she has no right to proceed.

(c) On the appeal from the court of ordinary to the superior court, the latter, as an appellate court, has only the jurisdiction of the court of ordinary, which has no equitable powers. *Byrd v. Riggs*, 209 Ga. 59 (2a) (70 SE2d 755). Consequently, the sustaining of the general demurrer was proper.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*